## SCHLEGEL v. CITY OF NEW YORK.

(Supreme Court, Appellate Term, First Department.   May 5, 1915.)

1. MUNICIPAL CORPORATIONS ⊚⟀734—LIABILITY FOR NEGLIGENCE—EXERCISE OF GOVERNMENTAL POWERS.

A municipal corporation is not liable for negligent acts committed in the exercise of its governmental functions, such as the maintenance of a courthouse.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1550; Dec. Dig. ⊚⟀734.]

2. MUNICIPAL CORPORATIONS ⊚⟀857 — INJURIES FROM COURTHOUSE DOOR — CONTRIBUTORY NEGLIGENCE.

In an action against defendant city for injuries received by plaintiff, by the breaking of a glass panel while attempting to push open a court-room door, evidence *held* to show contributory negligence.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1812; Dec. Dig. ⊚⟀857.]

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by William C. Schlegel against the City of New York. Judgment for plaintiff, and defendant appeals. Reversed, and complaint dismissed.

Argued March term, 1915, before LEHMAN, HENDRICK, and COHALAN, JJ.

Frank L. Polk, Corp. Counsel, of New York City (Terence Farley and E. Crosby Kindleberger, both of New York City, of counsel), for appellant.

Rogers & Freudenheim, of New York City, for respondent.

HENDRICK, J.   The plaintiff on September 25, 1914, went to the Municipal Court, Sixth District, Manhattan.   His attorney asked him to go out into the corridor.   His wife attempted to open the door, but the door would not open.   Plaintiff testified that thereupon "I reached my right hand over her shoulder to push and it would not open, and I used some force, and as I did that my hand slipped from the framework into the glass, and I didn't know it was cut."   On cross-examination he testified that the glass panel on the door occupied the upper half, and that, when he found that the door would not open by pushing "a little," he pushed harder, whereupon "the door pushed open, and my hand slipped off, and went through the glass."

It was stipulated on the trial that Justice Marks would, if called as a witness, testify that the door in question stuck and was difficult to open, and that that condition had existed for a week or ten days prior to the accident.   The injuries were slight.

[1] On these facts, judgment was rendered for the plaintiff.   I think the complaint should have been dismissed.   The cause of action was for negligence.   In maintaining its Municipal Courts the city acts in its governmental capacity, and is not liable for negligence, such as is alleged in this case.

[2] I think, further, that the accident was due to the negligent manner in which the plaintiff opened the door.

The judgment should be reversed, with costs, and complaint dismissed, with costs. All concur.