Giovanni D'Orsi, Respondent, v. City of New York, Appellant.

(Supreme Court, Appellate Term, First Department, July, 1918.)

Negligence — municipality not responsible while acting in governmental capacity — city of New York.

> Where, in an action to recover for personal injuries, it appears that the defendant, the city of New York, was the owner of the land adjacent to a sidewalk upon which was a coal hole, the cover of which slipped out of place when stepped upon by plaintiff; that said land, acquired by the city for the erection of a court-house, was under the control of a board appointed pursuant to statutory authority, and there is no evidence that any officer having charge of the city streets had actual or constructive notice of any defect in the coal hole or its cover, a judgment in favor of plaintiff cannot be sustained upon the ground that the city neglected its general obligation to keep its streets reasonably safe for pedestrians.

> In the erection and maintenance of the court-house the city acts in a governmental rather than in a private capacity, and is not responsible for the negligence of the commissioners constituting the court-house board, though, to the extent that they acted in the performance of such governmental duty, they are the officers of the city, and a judgment in favor of plaintiff will be reversed and the complaint dismissed.

Appeal by defendant from a judgment entered in the Municipal Court of the city of New York, borough of Manhattan, first district, in favor of the plaintiff.

Misc.]     Appellate Term, First Department, July, 1918.

William P. Burr (Terence Farley and Willard S. Allen, of counsel), for appellant.

Crescenzo Caggiano, for respondent.

LEHMAN, J.   The plaintiff herein, while lawfully walking along the sidewalk of Baxter street, stepped on the cover of a coal hole on the sidewalk.  As he stepped upon the cover it slipped out of place and plaintiff's legs fell into the hole, causing injuries for which he has recovered judgment for $200 damages and costs.  The city of New York was the owner of the land adjacent to the sidewalk upon which the coal hole was situated.  The land had been acquired for the city for the erection of a court-house, and was under the control of the court-house board, appointed under the provisions of chapter 336 of the Laws of 1903.

There is no evidence that the officers of the city having charge of the city streets had actual or constructive notice of any defect in the coal hole or its cover.  The judgment can, therefore, not be sustained on the ground that the city neglected its general obligation to keep its streets reasonably safe for pedestrians.

The plaintiff, however, claims that the city is liable for the condition of the coal hole because it was the owner of the property adjacent to the sidewalk.  When the city builds and maintains court-houses it acts in a governmental rather than a private capacity.  If there was any negligence in this case it was on the part of the court-house board or its employees or agents.  The city can be held liable for such negligence only if the doctrine of *respondeat superior* applies.  The city is not liable for the act of any officer or subordinate of such officer in the attempted performance of a duty laid by the law upon him and not upon the municipality.

Officers appointed to carry out a duty imposed upon a municipal corporation by law are not the agents of the municipality if such duty arises or is implied from the use of political rights under the general law in the exercise of which the city acts as a sovereign. In the erection and maintenance of a court-house the city is performing a governmental or sovereign function, and not a private function. The commissioners constituting the court-house board are its officers to the extent that they act for the city in performing its gov-· ernmental duty, but they act in the performance of a duty laid upon the city by statute and to carry out a governmental purpose, not for the immediate benefit of the municipality but in exercise of the sovereign power for the benefit of all citizens, and they derive their powers from the legislative mandate.

" It is not always easy to say within which class a particular case should be placed. But when it is determined that the power and duty are given and taken for the benefit of the corporation as a corporate body, and the act to be done is to be done by it through agents of its appointment and under its control and power of removal, there is no doubt of its liability for negligent omission or negligent attempt at performance. When the powers created and duly enjoined are given and laid upon officers to be named by·the corporation, but for the public benefit and as a convenient method of exercising a function of general government, and the corporation has no immediate control nor immediate power of removal of those officers, nor of their subordinates and servants, then it is not liable for their negligent omission or action." *Maxmilian* v. *Mayor,* 62 N. Y. 160.

In the present case the municipality is not responsible for any negligence on the part of the commissioners or their servants, though it would be, of course,

responsible for contracts made by them for the pur-
pose of acquiring title to the land or erecting a build-
ing which was to be owned and paid for by the city.
*Wood* v. *Mayor,* 7 Hun, 164.

It follows that the judgment must be reversed, with
thirty dollars costs, and the complaint dismissed, with
costs.

PENDLETON and FINCH, JJ., concur.

Judgment reversed, with costs.