FRANK M. DOWLER, an Infant, by FRANK DOWLER, His Guardian ad Litem, Appellant, *v.* JOSEPH JOHNSON, Respondent.

Negligence — New York (city of) — when officers and men of fire department not exempt from limitations in respect of speed — action against fire commissioner for injuries from automobile in which he was being driven by fireman — commissioner not exonerated as of course.

1. Officers and men of the fire department of the city of New York are not exempt from the ordinary limitations in respect of speed, unless they are proceeding to a fire (New York Charter, § 784), or are responding for emergency work in case of fire, accident, public disaster or impending danger. (Code of Ordinances of New York, chap. 24, art. 2, § 19, subd. 1.)

2. In an action against the fire commissioner of the city of New York to recover for personal injuries alleged to have been sustained by plaintiff through a collision with the automobile in which the commissioner was being driven by a fireman upon a tour of inspection, it was error to exclude testimony that the automobile was being driven at excessive speed on the theory that because the relation

between the defendant and the driver was not that of master and servant, no speed, however excessive, could tend to fasten upon the defendant a liability for the wrong. If the defendant permitted an excessive speed to be maintained, after reasonable opportunity for protest, a jury might find his silence equivalent to approval, and ratification may be equivalent to command. The defendant had a right to restrain the driver who was subject to his orders and he is not exonerated as of course because the driver was not his servant.

*Dowler* v. *Johnson*, 171 App. Div. 935, reversed.

(Submitted November 20, 1918; decided December 10, 1918.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered January 13, 1916, affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court at a Trial Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Herbert C. Smyth, James B. Mackie* and *Julius M. Lowenstein* for appellant. Defendant was in law liable under the rule of *respondeat superior.* (*Maxmilian* v. *Mayor,* 62 N. Y. 160; *People ex rel. Croker* v. *Sturgis,* 91 App. Div. 286; *People ex rel. Clifford* v. *Scannel,* 74 App. Div. 406; 173 N. Y. 606; *People ex rel. Hart* v. *Fire Comrs.,* 82 N. Y. 358; *People ex rel. Kent* v. *Fire Comrs.,* 100 N. Y. 82; *Reed* v. *Met. S. Ry. Co.,* 58 App. Div. 87; *Higgins* v. *W. U. Tel. Co.,* 156 N. Y. 75.) Public officers are liable personally to third persons who are injured by their personal negligent conduct. (*Murphy* v. *Comrs. of Education,* 28 N. Y. 134; *Day* v. *Reynolds,* 23 Hun, 131; *Hartwell* v. *Riley,* 47 App. Div. 154; *Bryant* v. *Town of Randolph,* 133 N. Y. 70; *Bennett* v. *Whitney,* 94 N. Y. 302; *Litchfield* v. *Bond,* 186 N. Y. 66.)

*William P. Burr, Corporation Counsel* (*Terence Farley* of counsel), for respondent. A public officer is not liable for the acts or omissions of the official subordinates

appointed by him or working under his direction, if they are not in his private service, but may themselves be considered as officers of the municipality or state, unless such officer personally directed the performance of the act complained of, or personally co-operated in the negligence from which the injury resulted, if he exercised reasonable care in the selection of the subordinates. (22 Ruling Case Law, 487; *Murphy* v. *Emigration Comrs.,* 28 N. Y. 134; *Cardot* v. *Barney,* 63 N. Y. 281; *Donovan* v. *McAlpin,* 85 N. Y. 185; *Walsh* v. *Trustees, etc.,* 96 N. Y. 427; *Bieling* v. *City of Brooklyn,* 120 N. Y. 98; *Bailey* v. *Mayor, etc.,* 3 Hill, 531; *Brissac* v. *Lawrence,* 2 Blatch. 121; *United States* v. *Broadhead,* 24 Fed. Cas. 1242; *Rubens* v. *Robertson,* 38 Fed. Rep. 86; *Mister* v. *Brown,* 59 Fed. Rep. 912; *Riggin* v. *Brown,* 59 Fed. Rep. 1006.)

CARDOZO, J. The defendant in 1913 was the fire commissioner of the city of New York. On March 20 of that year, he left fire headquarters in one of the department's automobiles to inspect some new fire houses in Brooklyn. The automobile was driven by a fireman assigned to that duty by the commissioner upon the recommendation of the fire chief. While so driven, it collided with another automobile, and the plaintiff was injured. The complaint charges that at the time of the collision the automobile carrying the defendant was driven under his orders, and that it was driven negligently and at excessive speed. The officers and men of the fire department are not exempt from the ordinary limitations in respect of speed, unless they are " proceeding to a fire " (Charter of N. Y. sec. 784) or " responding for emergency work in case of fire, accident, public disaster, or impending danger " (Code of Ordinances of N. Y. chap. 24, art. 2, sec. 17, subd. 1). The plaintiff's counsel in opening the case stated that the defendant's car was

going at the rate of fifty miles an hour. He was about
to offer evidence of the negligence charged when he was
checked by a ruling of the court that no matter what
the action or negligence of the chauffeur might be, the
defendant was not liable. The record is very informal,
and the plaintiff's offer of proof is not as definite as we
might wish; but we think there is no doubt in respect of
the ruling which the court intended to make. The
court's view was that because the relation between the
defendant and the driver was not that of master and
servant, no speed, however excessive, could tend to fasten
upon the defendant a liability for the wrong. The
complaint was dismissed; and on appeal to the Appellate
Division the judgment was affirmed by a divided court.

We think there was error in refusing to give the
plaintiff an opportunity to unfold his case. We see no
repugnancy between the complaint and the opening.
None certainly can be found in the mere relation that
subsisted between the defendant and the driver. We do
not doubt the rule invoked by counsel for the defendant,
and sustained by superabundant citations, that public
officers are not liable for the negligence of their subordi-
nates unless they co-operate in the act complained of,
or direct or encourage it (*Lane* v. *Cotton*, 1 Ld. Raymond,
646; *Bailey* v. *Mayor, etc., of N. Y.*, 3 Hill, 531, 538;
*Cardot* v. *Barney*, 63 N. Y. 281; *Robertson* v. *Sichel*, 127
U. S. 507; *Ely* v. *Parsons*, 55 Conn. 83; Story on Agency,
sec. 319). That is at least the general rule, and if it is
subject to any other qualifications, they are not now
material. But here the very question is whether the
defendant did direct or encourage the negligent act or
personally co-operate in it. Undoubtedly he is not liable
for the negligence of the driver on the theory of *respondeat
superior*. The relation between them was not that of
master and servant. If he had been out of the car at
the time of the accident, no one would suggest that he

must answer for the driver's wrong.    Even his presence
in the car would be insufficient of itself and in all circum-
stances to charge him with liability.    There must have
been command or co-operation (*De Carvalho* v. *Brunner*,
223 N. Y. 284, 287; 1 Cooley on Torts [3d ed.], pp. 213,
244).    But ratification may be equivalent to command,
and co-operation may be inferred from acquiescence
where there is power to restrain.    The charge is that
this car was going at the rate of fifty miles an hour.    The
charge is that it was going under the defendant's orders.
If the defendant permitted such a speed to be main-
tained, and this after reasonable opportunity for protest,
a jury might find his silence the equivalent of approval.
Many circumstances would have to be weighed.    Chief
among them perhaps would be the duration of the offense
and the opportunity to restrain it.    There was the *right*
to restrain here, for the driver was subject to the defend-
ant's orders (Charter N. Y. City, sec. 728); but the
right is of no importance unless the omission to exercise
it was unreasonable.    We cannot say whether the inference
of such an omission is legitimate till the whole story
has been told.    We must see the whole picture.    For
the purpose of this appeal, it is enough that the defendant
is not exonerated as of course because the man at the
helm was not his servant.    One cannot let oneself be
driven at breakneck speed through city streets, and
charge the whole guilt upon the driver who has done
one's tacit bidding.

The judgment should be reversed, and a new trial
granted, with costs to abide the event.

HISCOCK, Ch. J., COLLIN, CUDDEBACK, POUND, CRANE
and ANDREWS, JJ., concur.

Judgment reversed, etc.