MYRON S. YOCHELSON, Plaintiff, *v.* CITY OF NEW YORK, SAMUEL LEVY, Individually and as Borough President of the Borough of Manhattan of the City of New York, and JOHN F. PLUNKETT, Individually and as Superintendent of Public Offices and Buildings in the Borough of Manhattan of the City of New York, Defendants.

Supreme Court, Trial Term, New York County, July 1, 1937.

*Goldstein & Goldstein* [*Samuel D. Lasky* of counsel], for the plaintiff.

*Paul Windels* [*Frederick P. Bryan* of counsel], for the defendants.

COTILLO, J. This action was instituted by the plaintiff, an active practitioner at the bar, to recover for damages sustained by him on June 22, 1934, while entering the premises 264 Madison street, New York city. He tripped and fell by reason of a defective

step in the stoop of the building leading to the main entrance. If the action were one brought by a person lawfully on private premises the evidence as to negligence would be sufficient to sustain a verdict in plaintiff's favor against the owner. By stipulation of counsel on the trial, a verdict was directed in favor of the plaintiff in the sum of $2,500, the court passing only on the questions of negligence and damage. After the direction of the verdict the defendant moved to set it aside on the ground that no liability could be imposed upon the defendants because of the doctrine of governmental function.

The building where the accident occurred was used exclusively as a court house for the Second District Municipal Court, Borough of Manhattan. If the doctrine of governmental function applies to the defendant city of New York it applies also to the individual defendants Samuel Levy and John F. Plunkett, individually and in their official capacities as president of the borough of Manhattan and as superintendent of public buildings. (*Dowler* v. *Johnson,* 225 N. Y. 39.)

It seems to the court, upon an examination of the authorities, that the position urged by the defendants is sound. Judge LEHMAN, of our Court of Appeals, aptly stated the law while sitting in the Appellate Term of this court. In *D'Orsi* v. *City of New York* (104 Misc. 66) he explained the doctrine when he wrote " In the erection and maintenance of a court-house the city is performing a governmental or sovereign function, and not a private function. * * * * a governmental purpose, not for the immediate benefit of the municipality but in the exercise of the sovereign power for the benefit of all citizens, and they derive their powers from the legislative mandate." Likewise, in *Schlegel* v. *City of New York* (90 Misc. 285) the Appellate Term again sustained the doctrine of governmental function as applying to the maintenance of court houses. In that case the court wrote as follows: " The cause of action was for negligence. In *maintaining* its Municipal Courts the city acts in its governmental capacity, and is not liable for negligence." (See, also, *Boutet* v. *City of New York,* 199 App. Div. 835.) The situation in the present case is a regrettable one which is likely to recur in the future, but it seems to the court that until legislative relief is sought and obtained similar to the relief granted by the enactment of sections 50-a, 50-b and 50-c of the General Municipal Law, citizens will not be able to recover for injuries sustained in any building maintained by a municipality as a court house. The motion to set aside the verdict and to dismiss the complaint on the merits is granted. Settle order.