WILLETHA F. CHAPPELL, Plaintiff, *v.* THOMAS E. DEWEY, FRANK S. HOGAN and JOHN DOE, Defendants.

Supreme Court, Westchester County, November 6, 1939.

*Lynch & Cahn* [*Monroe J. Cahn* of counsel], for the plaintiff.

*William C. Chanler, Corporation Counsel* [*Robert H. Schaffer* and *George G. Gallantz* of counsel], for the defendants Thomas E. Dewey and Frank S. Hogan.

PATTERSON, J. The plaintiff moves, pursuant to rule 109 of the Rules of Civil Practice, to dismiss the special defenses contained in the answers of the defendants Dewey and Hogan as insufficient in law.

The complaint alleges three causes of action; the first and second are in tort and the third in contract. In brief, the first cause of action alleges that the plaintiff, owner of certain premises, was fraudulently induced to lease the same to the defendant John Doe in furtherance and performance of an agreement and conspiracy among the three defendants. The second cause of action is a variation of the first in that it alleges that the wrongful acts were done by the defendant John Doe pursuant to the directions and instructions of the defendants Dewey and Hogan and each of them. The third cause of action is based upon a lease and seeks to recover from the defendant Doe as a named lessee and from the defendants Dewey and Hogan as undisclosed principals. The defenses which are subject to the attack are identical and in effect are that the defendant Dewey was, at the time, district attorney of New York

county, and the defendant Hogan was assistant district attorney and all the acts performed by these defendants with relation to the matters alleged in the complaint were performed in their official capacities as district attorney and assistant district attorney of New York county in the course of their duties as such public officials. It may be worth noting that the defenses do not allege that the defendant John Doe had any official connection with the district attorney's office; therefore, it must be assumed that he was the private agent of the defendants Dewey and Hogan.

The real question presented is, assuming that the defendants Dewey and Hogan committed the acts complained of in the purported performance of their official duties, does that give them immunity from liability. In other words, may a district attorney, without personal liability, commit a tort against a private citizen? Both sides cite *Dowler* v. *Johnson* (225 N. Y. 39) as authority in support of their respective contentions. It seems to me that that case is better authority for the position of the plaintiff than that of the defendant. Of course, the facts have little if any application here. What was held there was that a fire commissioner of the city of New York was personally liable for injuries sustained by another from a collision with an automobile in which the commissioner was being driven by a fireman at an excessive rate of speed under the circumstances, under the theory that the speed of the car was under the control and direction of the commissioner and the driver thereof subject to his orders. The only significaance in the opinion is the recital (at p. 42): " We do not doubt the rule invoked by counsel for the defendant, and sustained by superabundant citations, that public officers are not liable for the negligence of their subordinates unless they cooperate in the act complained of or direct or encourage it." That is all there is in that case of any assistance here, and that aid is only by inference.

In *Robinson* v. *Chamberlain* (34 N. Y. 389) there was a full review of all pertinent authorities as to the individual liability of a public officer. Therein, Judge PECKHAM quoted with approval from an early English case as follows (at p. 393): " I take it to be perfectly clear that if a public officer abuses his office, either by an act of omission or commission, and the consequence is an injury to an individual, an action lies against such officer." And further on, he wrote (at p. 395),

" Exclusive of official action, every officer in the land, in my judgment, is responsible for a violation of his official duty, to him who sustains special damage thereby   *   *   *.

" Having received a consideration from the sovereign power for performing a public duty, he is liable for a neglect to discharge that duty to the plaintiff, who has thereby sustained special damage."

It is the position of the defendants, *first*, that as public officers they are not liable for the wrongful acts of their subordinates, and *second*, that as public officers they are entitled to the same immunity which the municipality which they represent has for its wrongful acts.

The complaint shows that these defendants are not sought to be held because of the acts of others, but only for their own personal direct acts because they, personally and individually, directed and caused the acts upon which the complaint is based. To that extent the defenses would seem to come within the ruling of the *Dowler* case.

With regard to the second ground that the conceded immunity of a municipal corporation for the misconduct of its officers in the performance of governmental functions extends to the officers themselves, no authority to sustain this is cited except the doubtful authority of *Yochelson* v. *City of New York* (163 Misc. 498). From a reading of that case, I do not gather that the public officers were sought to be held because of their own individual neglect. Evidently, they were joined or sued as officers generally in charge of the building involved. It seems to me that that case rather clearly implies that liability would exist if the duty to maintain the building had been theirs and they neglected to discharge that duty.

The defendant says that the municipality is not liable for the wrong done the plaintiff which is conceded and that the public officers are likewise not liable because the acts were performed in the course of their official duties, and hence, the immunity which extends to the municipality is likewise a cloak for them, but as Judge HUBBS said in *Ottmann* v. *Village of Rockville Centre* (275 N. Y. 270, 273): " Public service should not be a shield to protect a public servant from the result of his personal misconduct. How inequitable the contrary rule would be is illustrated by the case at bar. Although the jury has found that intestate met his death as a result of the negligence of the respondent driver of the fire truck, the municipality is not liable and we so decided. If it be held that the driver is also free from liability, there would be no liability on the part of any one for the negligent act which caused decedent's death. We believe the law to be that a servant, agent or officer of a municipality is required to do his work in a reasonably careful manner and that if he fails to do so and another is injured because of his negligence he is personally responsible, the same as any other person who has by his misconduct caused injury."

The modern tendency is against the rule of non-liability. (*Augustine* v. *Town of Brant*, 249 N. Y. 198.)

The defendants further claim that the district attorney is a judicial officer and he may not be held liable civilly for acts in the discharge of his duties as such. For certain purposes the district attorney, by reason of his office, may be considered a quasi-judicial officer on the theory that he is a part of the judicial system of the State, but so is a lawyer; so is a court clerk or an attendant a part of the judicial system of the State. Undoubtedly the district attorney is immune for acts done within the scope of his duties. The immunity attaching to judicial proceedings is limited to proceedings in court and does not extend to proceedings, while official and public, are not in their nature judicial. I think it would be entering upon a dangerous path to hold that where a district attorney is charged with conspiracy to defraud another he may invoke his official position to absolve him from personal liability. Carried to its logical sequence, the position of the defendants is, that a district attorney may commit any tort while discharging his official duties and escape the consequences. It cannot be argued that in order for the district attorney to have properly discharged his duties as such, it was necessary for him to have conspired with others to mislead, deceive and defraud another, as the complaint alleges.

It is my opinion that the defenses are insufficient in law because, even if proven, they could not defeat the complaint and, hence, it follows they must be stricken out.

The motion is granted.