**TUMLINSON et al. v. CITY OF BROWNSVILLE et al.**

No. 11386.

Court of Civil Appeals of Texas. San Antonio.

Feb. 16, 1944.

Rehearing Denied March 16, 1944.

H. L. Yates and West & Hightower, all of Brownsville, for appellants.

C. S. Eidman, Jr., of Brownsville, for appellees.

NORVELL, Justice.

This action was brought by Lon Tumlinson and others, seeking a recovery of damages against the City of Brownsville, A. E. Munday, city manager of the City of Brownsville, Standard Accident Insurance Company, the surety upon Munday's official bond, and Roy Weller, the fire chief or head of the fire department of said City of Brownsville. Plaintiffs below and appellants here complained that through negligence of Weller, the fire chief, and firemen serving under him, their property had not been properly protected from fire and as a result had been destroyed.

The trial court sustained a number of exceptions to plaintiffs' petition and, upon plaintiffs' refusal to amend, dismissed the cause as to the City, the city manager and his surety. Plaintiffs then dismissed as to the fire chief, Roy Weller. Whereupon the court rendered a final judgment of dismissal, from which this appeal was taken.

We are of the opinion that the petition stated no facts upon which relief could be awarded to appellants as against the City of Brownsville.

"* * * providing fire protection is a governmental function and the City is not liable for the negligence of its officers and employees in the performance of that function." City of Port Arthur v. Wallace, Tex.Sup., 171 S.W.2d 480, 481. While the City of Brownsville is a Home Rule City (Article 11, Sec. 5, Constitution of Texas, Vernon's Ann.St.), this circum-

stance does not affect the application of the rule stated. Shanewerk v. City of Ft. Worth, 11 Tex.Civ.App. 271, 32 S.W. 918. We do not construe the charter provisions of the City Charter of Brownsville as attempting to extend or enlarge the liability of the City in regard to the situation presented here.

We are likewise of the opinion that there were no grounds for relief as against the city manager (or his surety) set forth in the petition. The charter of the City of Brownsville does vest substantial powers in the city manager. He is the executive head of the municipal government and thus exercises control over the fire chief and the fire department. The petition does not allege, however, that Munday was present at the fire here involved and exercised direction and control over the actions of the fire chief or the firemen there engaged. We believe the general rule stated by Cardozo, J., in Dowler v. Johnson, 225 N.Y. 39, 121 N.E. 487, 3 A.L.R. 146, has application here, viz., "* * * public officers are not liable for the negligence of their subordinates unless they co-operate in the act complained of, or direct or encourage it." See also, Story on Agency, 9th Ed., § 319; Clough v. Worsham, 32 Tex.Civ.App. 187, 74 S.W. 350.

The judgment of the trial court is affirmed.