[Civil No. 4740. Filed October 1, 1945.]

[162 Pac. (2d) 129.]

WILLIAM M. RUSSELL, Appellant, v. GEORGE GLASCOW, WILLIAM SELF and AMERICAN EMPLOYERS' INSURANCE COMPANY, a Corporation, Appellees.

Messrs. Struckmeyer & Struckmeyer, for Appellant.

Messrs. Jennings & Salmon, and Mr. Ozell M. Trask, for Appellee, American Employers Insurance Company.

STANFORD, C. J.—George W. Glascow, above designated as an appellee, was chief of police of the City of Globe, Arizona, having been appointed by the mayor and council of that city, and had given bond for the faithful performance of his duties in the sum of $5,000, his bondsman being appellee, American Employers' Insurance Company. The council of the City of Globe had also appointed William Self as a policeman, but had required no bond of him.

In the superior court the appellant herein was designated as plaintiff, and the parties appellee the defendants, and we will hereafter use that designation.

At a time between eleven and twelve o'clock on the night of November 16, 1942, in the City of Globe, defendant Self, in making the arrest of plaintiff Russell, discharged a tear gas pencil at Russell in such a fashion as to cause an injury to his left eye. Self, the officer, took Russell to the city jail, and the evidence discloses that Russell repeatedly asked for a physician, but neither the defendant Self, nor any other officer, heard the call according to the evidence. As a result of the injury plaintiff lost his left eye. On the morning following George Glascow, the chief of police, promptly took the plaintiff to a doctor and later discharged him from the jail. Glascow was, during the time of the trouble, at his home in bed and was at no time called although he had a telephone at his home.

Russell brought his action for damages in the superior court for the sum of $30,000 against the parties designated above as appellees.

The chief of police later left his position and went to the State of Washington. Apparently, however, it was not for the reason of avoiding an action in this case. He was not served with process when later plaintiff brought his action in the superior court of Gila County.

A jury returned a verdict against defendant Self for the full sum of $30,000, and against the defendant American Employers' Insurance Company for the sum of $5,000, which was the amount of the bond written for Chief of Police Glascow. After the verdict was rendered a motion was made for judgment notwithstanding the verdict, which motion was granted.

Although the names have remained in the cause of action as they were in the beginning, the only defendant involved herein is the American Employers' Insurance Company.

Quoting the appellant:

"The two questions for determination by the Appeal Court are therefore interwoven with the fact situation: that is, the defendant, American Employers' Insurance Company, may be held liable on either of two theories. The bonding company is liable if the acts of George Glascow, Chief of Police, contributed to the injury of the plaintiff, or if George Glascow, Chief of Police, is responsible or liable for the acts of William Self."

Our Code, Sec. 16–210, under the heading of "Council may prescribe duties, bonds and compensation of officers," is the following:

" . . . It may require all officers to give bond for the due discharge of their duties, in such sums, and with such security, as it may direct and approve, . . . ."

Both plaintiff and defendant quote the following from 43 Am. Jur., Public Officers, Sec. 281:

"It is settled, subject, however, to a number of exceptions, that in the absence of a statute imposing liability, or of negligence on his part in appointing or supervising his assistants, an officer is not liable for the default or misfeasance of subordinates and assistants, whether appointed by him or not, providing the subordinates or assistants, by virtue of the law and of the appointment, become in a sense officers themselves, or servants of the public as distinguished from servants of the officer, and providing the officer does not direct the act complained of, or personally co-operate in the negligence from which the injury results. . . . "

Defendant relies on the rule laid down in the case of *Dowler* v. *Johnson*, 225 N. Y. 39, 121 N. E. 487, 3 A. L. R. 146, wherein the late Justice Cardozo, then of New York Court of Appeals, said:

"But here the very question is whether the defendant did direct or encourage the negligent act or personally co-operate in it. Undoubtedly he is not liable for the negligence of the driver in the theory of respondeat superior. The relation between them was not that of master and servant. If he had been out of the car at the time of the accident, no one would suggest that he must answer for the driver's wrong. Even his presence in the car would be insufficient of itself and in all circumstances to charge him with liability. There must have been command or co-operation. . . . "

From the case of *Tumlinson* v. *City of Brownsville* (Tex. Civ. App.), 178 S. W. (2d) 546, decided in 1944, the rule above stated is adhered to. The facts therein are quoted from the opinion:

"This action was brought by Lon Tumlinson and others, seeking a recovery of damages against the City of Brownsville, A. E. Munday, city manager of the City of Brownsville, Standard Accident Insurance Company, the surety upon Munday's official bond, and Roy Weller, the fire chief or head of the fire department of said City of Brownsville. Plaintiffs below and appellants here complained that through negligence of Weller, the fire chief, and firemen serving under

him, their property had not been properly protected from fire and as a result had been destroyed.''

The trial court dismissed the causes of action as to the city, the city manager and his surety. Plaintiff then dismissed as to the fire chief Weller. Then plaintiff appealed. The opinion, in part, reads as follows:

'' . . . We believe the general rule stated by Cardozo, J., in *Dowler* v. *Johnson*, 225 N. Y. 39, 121 N. E. 487, 3 A. L. R. 146, has application here, viz., ' . . . public officers are not liable for the negligence of their subordinates unless they co-operate in the act complained of, or direct or encourage it.' See also, Story on Agency, 9th Ed., § 319; *Clough* v. *Worsham*, 32 Tex. Civ. App. 187, 74 S. W. 350.''

■ Although the case does not apply to police officers, the rule involved in this case is set forth in the case of *State* v. *Kolb*, 201 Ala. 439, 78 So. 817, 818, 1 A. L. R. 218, wherein it is stated:

'' . . . If the superior officer, on his own account and without authority of law, should appoint or employ such aid, the former would be liable, the doctrine of respondeat superior applying. The reason for this rule was thus stated by this court in the case of *Central R. & Bkg. Co.* v. *Lampley*, 76 Ala. [357], 365, 52 Am. Rep. 334; 'It is well settled that public officers are exempt from liability for the acts and defaults of those employed under them to assist in the performance of their official duties. Notwithstanding the vigorous dissenting opinion of Lord Holt, since the decision in *Lane* v. *Cotton*, 1 Ld. Ray. 646 [91 Eng. Reprint 1332, 12 Mod. 472, 88 Eng. Reprint 1458], it has been generally held that neither the Postmaster General, nor an assistant or local postmaster, is responsible for the negligence or wilful wrongs of the persons employed in assisting him in the discharge of his public duties and functions. The rule rests on considerations of public policy, and on the ground that such persons are acting in the capacity of public agents, and not as the private agents of the officers. It is conceded that a public officer is liable for his own misconduct or negligence, and for the misconduct or negligence of his subordinates, where he is invested with their selection or appointment, and

from carelessness or unfaithfulness appoints incompetent or untrustworthy persons.' "

Plaintiff quotes Sec. 12–203, Arizona Code Annotated 1939:

"Every officer is liable on his official bond for any official negligence or misconduct on the part of any of his deputies, clerks or assistants, and may require an official bond from a deputy appointed by him, in an amount not greater than, and conditioned as, that required of the principal officer. The bonds of deputies, clerks or employees, unless otherwise provided by law, shall be approved by the appointing power."

The plaintiff also cites the case of *Miles* v. *Wright*, 22 Ariz. 73, 194 Pac. 88, 93, 12 A. L. R. 970. In this case plaintiff brought suit for damages against J. T. Miles, as sheriff, and George Holloway, as deputy sheriff of Pima County, Arizona, and J. G. Montgomery as sheriff of Maricopa County and the Maryland Casualty Company as the bondsman for the two sheriffs, charging the officers with joint trespass and falsely imprisoning the plaintiff. The arrest was made by George Holloway, the deputy of Miles. The court, in part said:

"It is argued that this evidence fails to show that Miles had any knowledge of the telephone message received at his office from the sheriff of Maricopa county, and that he knew nothing of the whole transaction, including the arrest, until after it had taken place, and is therefore not liable. In the first place, we think the law is that the sheriff is responsible for all acts of his deputy done under color and by virtue of his office, regardless of the sheriff's lack of previous knowledge that such act is about to be performed. This seems to be the statutory rule, which states:

" 'The sheriff may appoint one or more deputies, for whose official acts he shall be in all respects responsible.' Paragraph 2538, Civ. Code.

.    .    .    .    .    .    .    .    .    .    .

"In *Kusah* v. *McCorkle,* 100 Wash. 318, 170 Pac. 1023, L. R. A. 1918C, 1158, the court said:

" 'The sheriff, being responsible for reasonable care in the selection of his deputies, is responsible also for the negligence of a deputy in the performance of his duty as such.' "

There is no doubt that a sheriff in our state is responsible for such act of his deputy, but on the subject of a policeman we differ with the plaintiff on his view of the law.

Under "Public Officers" Sec. 12–101, Arizona Code Annotated 1939, is the following:

"*Definitions.* . . . ; by the word 'officer,' or 'public officer,' unless the context otherwise requires, is meant the incumbent of any office, member of any board or commission, his deputy or assistant exercising the powers and duties of such officer other than clerks or mere employees of such officer."

■ From the case of *State ex rel. Anderson* v. *Fousek,* 8 Pac. (2d) 791, 84 A. L. R. 303, and under the heading of "Policemen generally" we quote the following:

"On the ground that the principal duty of policemen is the preservation of the public peace, which is a matter of public concern, it is generally held that policemen are public officers."

However, Sec. 169, 21 Cal. Jur., cited by our code in reference to public officers, has this to say:

" . . . Thus the chief of a municipal police department may be charged with the duty of selecting the members of the force, but he is not responsible for their acts unless he has directed such acts to be done or has personally co-operated, for each policeman is, like himself, a public servant. . . . "

In the instant case the chief of police Glascow did not have the appointment of the deputy, William Self.

■ While it is regrettable that there is no remedy for this young man who has served his country as a soldier, and now had the misfortune of losing one eye and an injury to the other one, yet the law does not

permit holding the bondsman for the chief of police for the reasons that we have set forth in this opinion, and to open the door in order to allow this worthy young man to get restitution would be rendering an opinion that would be against the law.

As shown under Sec. 16–210, *supra,* which section is under the chapter pertaining to cities and towns, the common council of the City of Globe could require its deputies, such as the defendant Self, to give bond for the protection of persons who might be injured, as this plaintiff was. It would be fitting for such officials to require bond of all of its peace officers.

The judgment is affirmed.

LaPRADE and MORGAN, JJ., concur.