Condon, J.
These actions of trespass on the case for negligence against the principal of the Hope High School and the superintendent of public schools of the city of Providence, individually, and also against them jointly, are here on plaintiff’s exception in each case to the ruling of the superior court sustaining a demurrer to the declaration.
We shall hereinafter discuss the question of law posed by the demurrer as though only plaintiff’s action against Wood, the principal of the high school, was here but our conclusions will apply equally to the case against the superintendent of schools and also to the case. against both of them jointly. The allegations of duty owed to the plaintiff by the defendant and the breach thereof are substantially the same in each declaration and are set forth in four counts. There is a slight variation in the averment of. negligence in each count but those variances are of no consequence in considering the objections raised by the demurrer. For our *125 purpose, therefore, in determining the issue presented by plaintiff’s exception in each case the four counts will be deemed substantially the same and so will each declaration.
The superior court sustained the demurrer on the grounds that the counts in the declaration are too vague, indefinite and uncertain to constitute a cause of action; that they do not set forth any legal duty owed by defendant to the plaintiff, or the violation of any legal duty by the defendant; and that they set forth no neglect or wrong done by defendant. The-gist of the declaration is that plaintiff, a teacher in the Hope High School, received an injury by reason of falling on the hard, smooth surface of a floor in the corridor of the school which had been washed and left wet and slippery and in a dangerous condition to walk upon; and that not knowing such condition and not being warned thereof by defendant, his servants or agents, plaintiff walked from a classroom into the corridor and, through no fault of her own, slipped and fell upon the wet floor. The declaration alleges that it was the defendant’s duty as principal in immediate charge of said school and in authority over the janitors thereof to see that such floor was not left in a wet and dangerous condition, and that he, his servants and agents, knew or, in the exercise of due care, ought to have known of such dangerous condition and to have warned persons lawfully walking in the corridor, or otherwise should have protected them from being thereby injured.
There is no averment in the declaration that the defendant personally caused the alleged dangerous condition of the floor or that he was present and commanded or participated with some other person under his charge and supervision in washing the floor negligently and thereafter leaving it in such a condition that it was rendered dangerous to walk upon. The most that may reasonably be inferred from the allegations in any of the four counts, consistently with the rules of pleading requiring clearness and certainty, is that a subordinate employee of the school department *126 negligently washed the floor and left it in a dangerous condition and that such employee was subject to the control and authority of the defendant. It cannot be inferred from any of the allegations that defendant was charged with an act of personal misfeasance or that he commanded to be done or ratified an act of misfeasance of a subordinate. The farthest we may go in interpreting the declaration in the plaintiff’s favor is that defendant is therein charged by inference with an act of nonfeasance in not seeing to it that the floor of the corridor was left in a safe condition to walk upon after it had been washed.
Even when thus viewed most favorably to the plaintiff the declaration, in our opinion, fails to aver a legal duty owing by the defendant to the plaintiff and to set out a legal cause of action against the defendant. It is apparent from the declaration that there is no relation here of master and servant or of principal and agent between defendant and the person who allegedly washed the floor and negligently rendered it unsafe and dangerous. Such a relation being absent the plaintiff may not rely upon the doctrine of respondeat superior and claim that the act of the servant is the act of the master.
The authority of the defendant, as principal of the school, over the persons employed therein did not cause the relation of master and servant to arise between them and the defendant. The relation of master and servant does not exist between public officers and their subordinates, and hence it is uniformly held “that public officers are not liable for the negligence of their subordinates unless they cooperate in the act complained of, or direct or encourage it * * Dowler v. Johnson, 225 N. Y. 39. In New York in an earlier case than the one cited certain school trustees were exonerated from liability for the negligence of workmen whom they had hired to make repairs in a school yard. Donovan v. McAlpin, 85 N. Y. 185.
There can be no question that those charged with the supervision, direction and control of public education in *127 Rhode Island are public officers or officials exercising a governmental function. Wixon v. City of Newport, 13 R. I. 454. In the case at bar plaintiff charges defendant with negligence in the manner in which he has discharged the governmental function entrusted to him of managing and controlling the school and its employees. But, as was said in Dowler v. Johnson, supra, he can be so charged and held liable therefor only if he actively participated in the alleged act of negligence or approved it, and such act resulted in an injury to the plaintiff specially and peculiarly as a private individual and not merely as one of the general public. If those elements are present the fact that the defendant was otherwise engaged at the time in the performance of a public duty does not excuse him from liability to the injured person. In such a case the wrongful act charged against the defendant must not be one of misfeasance by a subordinate or defendant’s own nonfeasance but it must be an act of personal misfeasance by him. Moynihan v. Todd, 188 Mass. 301.
These principles governing the liability of public officers for personal torts committed in performance of their governmental duties are exemplified in the facts of the above-cited cases and in several other cases which we shall briefly summarize. In Dowler v. Johnson, supra, the fire commissioner of the city of New York was charged with liability for an accident that involved the automobile in which he was riding on the business of the fire department and which was being operated by an employee of such department. The court held that enough was alleged in that case to base an inference that plaintiff would show by proper evidence that the alleged negligent operation of the automobile by the employee was by the command or cooperation of the defendant. But the court observed that the fire commissioner’s mere presence in the car would be insufficient of itself and in all circumstances to charge him with negligence. And it further observed: “If he had been *128 out of the car at the time of the accident, no one would suggest that he must answer for the driver's wrong.”
A similar situation was presented in Rowley v. City of Cedar Rapids, 203 Iowa 1245, cited by plaintiff here, which, however, in our opinion, does not support her position in the instant case. There the city commissioner was being driven in a municipal automobile on city business by an employee of the city who was charged with several acts of negligence which plaintiff alleged were also the acts of the commissioner. The court in holding the complaint good pointed out the distinction between the case before it and one where public officers were absolved from personal liability for permitting a defect to exist in a highway which was under their care and supervision. Such negligence, the court pointed out, was mere nonfeasance, whereas in the case before them it might be shown from the evidence that the negligent act of the employee was also the act of the commissioner either by adoption or ratification, he being present sitting beside the employee. Clearly in that case the Iowa court approved the complaint against the commissioner because it was possible under the allegations of the complaint to show that he himself was in effect also guilty of the same act of misfeasance as the employee.
This same court later held in Smith v. Iowa City, 213 Iowa 391, that aboard of park commissioners were personally not liable for their failure to maintain a certain device or instrumentality in the park in a safe condition for the use of the public because they were “guilty, if at all, of nonfeasance only.” To the same effect are their decisions in two earlier cases exonerating boards of supervisors from liability for injuries caused by a defect in highways under their control. Snethen v. Harrison County, 172 Iowa 81; Gibson v. Sioux County, 183 Iowa 1006.
In Oregon it was- sought to hold the directors of a school district personally liable for the explosion of a tank which they had caused to be erected in a school yard and on which workmen had failed to install a safety device. But the *129 court held that as public officers., they were immune from liability for the misfeasances or nonfeasances of persons properly employed by them in the discharge of their official duties. Antin v. Union High School Dist. No. 2, 130 Ore. 461.
All the cases that we have examined are unanimous in so holding. No case has been cited to us and we have found none which holds that allegations similar to those in the case at bar sufficiently state a cause of action against a public officer. Indeed, it appears to be the general rule that such an officer is exempt from liability for the wrongful acts of his subordinates unless it is alleged and shown that such officer participated therein. As was said by the United States supreme court in Robertson v. Sichel, 127 U. S. 507, concerning the head of a department or other public functionary: “A public officer or agent is not responsible for the misfeasances or positive wrongs, or for the nonfeasances, or negligences, or omissions of duty, of the subagents or servants or other persons properly employed by or under him, in the discharge of his official duties.” And to like effect is Reiter v. Illinois National Casualty Co., 397 Ill. 141.
Plaintiff in the case at bar has cited three of our cases to support her contention that public officers are liable for unlawful acts committed in the performance of their official duties. Smith v. Macomber, 28 R. I. 248; Lee v. Jones, 44 R. I. 151; Kominsky v. Durand, 64 R. I. 387. But none of those cases is like her case. Each of them involved an alleged wrongful act personally committed by a law enforcement officer in the exercise of his authority either to arrest or imprison. Of course for such alleged personal wrongful acts, as we said above, the officer may be sued and recovery had therefor if the allegations are proved. However, plaintiff seems to assume that in Kominsky v. Durand, supra, a superior police officer was held liable for the wrongful act of one of his subordinates, namely, the false arrest of the plaintiff by a policeman. This is not correct. There the plaintiff was unlawfully detained in *130 the police station by the defendant who was the superior officer in charge, and plaintiff brought suit against him for false imprisonment. The act there charged against defendant was a direct personal wrong, committed by him against the plaintiff.
Charles H. Eden, for plaintiff.
William E. McCabe, City Solicitor, James J. Corrigan, Assistant City Solicitor, for defendants.
The case at bar is undoubtedly one of novel impression in this state and we have given it more consideration than would ordinarily be necessary. We have discussed the principles involved at some length in order to make clear, first, that we recognize the right to sue a public officer for a personal act of misfeasance committed peculiarly against another even though it occurred in the discharge of his public functions; and, secondly, to make equally clear that we do not recognize the existence of any right to sue such officer for his acts of nonfeasance or for his subordinates' acts of misfeasance in which he did not participate. Since, in our opinion, the plaintiff has not framed her allegations against the defendant so as to bring her case within the scope of the law as we have declared it, the trial justice did not err in sustaining defendant’s demurrer to her declaration in éach case.
The plaintiff’s exception in each case is overruled, and each case is remitted to the superior court for further proceedings.