**David L. ARMACOST, Plaintiff,**

v.

**CONSERVATION COMMISSION OF WEST VIRGINIA, a Corporation, Carl J. Johnson, James Park, Jr., and Countess Maria Renata Tosti-Noc, Defendants.**

**Civ. No. 1562.**

United States District Court
S. D. West Virginia, Charleston Division.
Oct. 30, 1954.

Julius S. Levy, Baltimore, Md., Herman D. Rollins, Charleston, W. Va., for plaintiff.

John G. Fox, Atty. Gen., State of West Virginia, Robert E. Magnuson, Asst. Atty. Gen., of W. Va., for defendants Conservation Comm., Carl Johnson & James Park, Jr.

George S. Sharp, Marlinton, W. Va., for defendant Countess Maria Renata Tosti-Noc.

MOORE, Chief Judge.

Plaintiff alleges personal injuries sustained by being thrown from a horse furnished by defendant Tosti-Noc, an alien, operator of a horseback-riding concession at Watoga State Park in West Virginia. The Conservation Commission of West Virginia moves to dismiss as to it on the ground that it is an arm of the State Government and as such constitutionally immune to suit, both by the provisions of the West Virginia Constitution and the Eleventh Amendment to the Constitution of the United States. Defendants Johnson and Park move for summary judgment and file affidavits which are not contradicted to the effect that neither of them had any personal connection whatsoever with the accident in which plaintiff was injured. Evidently they are joined solely because of their official positions as officers of the State of West Virginia; Johnson being Director of Conservation and Park being Superintendent of Watoga State Park.

Defendant Tosti-Noc by her answer challenges the jurisdiction of the court on the ground that there is no grant of jurisdiction to federal courts to entertain a suit between citizens of a state and citizens of another state together with aliens.

Counsel have already been heard on the motion to dismiss as to defendant Conservation Commission of West Virginia, and the Court has already announced its decision to grant this motion. It is too well established to admit of serious argument that governmental corporations such as the Conservation Commission are merely departments of

State Government· and as such are not subject to suit; and particularly not to a suit for personal injuries. Article VI, Section 35, Constitution of West Virginia; Eleventh Amendment, Constitution of the United States; see also Hamill v. Koontz, 1950, 134 W.Va. 439, 59 S.E.2d 879; City of Charleston v. Southeastern Construction Company, 1950, 134 W.Va. 666, 64 S.E.2d 676; Schippa v. West Virginia Liquor Control Commission, 1948, 132 W.Va. 51, 53 S.E.2d 609, 9 A. L.R.2d 1284; Stewart v. State Road Commission of West Virginia, 1936, 117 W.Va. 352, 185 S.E. 567. Counsel have been instructed to submit an order sustaining this motion.

In considering the motion of Johnson and Park for summary judgment of dismissal as to them, it is noted that the only allegations of the complaint with reference to them specifically are that Johnson is Director of the Conservation Commission and that Park is Superintendent of Watoga State Park in direct supervision of defendant Tosti-Noc, operator of the horseback-riding concession. It is true that the complaint goes on to aver that "defendants" were negligent in certain particulars, but since the affidavits of Johnson and Park establish that they had no personal knowledge of, or contact or connection with defendant Tosti-Noc's operations in furnishing riding horses and equipment for rent to the public, it is clear that these allegations of the complaint seek to impose liability on defendants Johnson and Park on the theory of *respondeat superior* rather than on any theory of personal negligence.

So limited, the complaint does not state a cause of action. In carrying out their official duties, Johnson and Park did not occupy the position of principals, nor was the defendant Tosti-Noc their agent. There was argument of counsel on the question of whether the relationship of defendant Tosti-Noc to the Conservation Commission was that of independent contractor. I think that question is immaterial. Whatever the relationship may have been insofar as it concerned Tosti-Noc, the relationship of Park and Johnson is certainly not that of principals. They had no personal interest in Tosti-Noc's operations; all their acts were in their representative capacity as public officers; and the applicable legal principle is that a public officer is not liable for the negligence of subordinates unless he cooperates in the act complained of or directs or encourages it. Dowler v. Johnson, 1918, 225 N.Y. 39, 121 N.E. 487, 3 A.L.R. 146; Vance v. Hale, 1928, 156 Tenn. 389, 2 S.W.2d 94, 57 A.L.R. 1029; Hilton v. Oliver, 1928, 204 Cal. 535, 269 P. 425, 61 A.L.R. 297; 67 C.J.S., Officers, § 128; 43 Am.Jur., Public Officers, Sec. 281. If there were an agency at all under circumstances of this kind, the State would be the principal, and the State is not liable to suit.

The motion for summary judgment on behalf of Johnson and Park will be sustained and the case dismissed as to them.

Although raised in the answer of defendant Tosti-Noc and not by motion, I thought it proper that the defense of lack of jurisdiction be inquired into in advance of trial or pretrial conference, and have therefore had briefs submitted on this question which have been fully considered.

Formerly, there was some conflict of authority on the question whether federal courts had jurisdiction of a suit between citizens of a state and citizens of another state together with aliens. The old case of Tracy v. Morel and some legal texts are to the effect that jurisdiction is lacking in such cases. However, the Constitutional power of Congress to establish such a jurisdiction seems not to have been questioned. See Tracy v. Morel, C.C., 88 F. 801; Black, Dillon on Removal of Causes, Sec. 66–89; Simkins, Federal Suit in Equity, pp. 86–87; Hughes, Federal Procedure, Sec. 119. The more modern cases, even where decided under the old statute, are not in accord with Tracy v. Morel. Hunter v. Shell Oil Co., 5 Cir., 198 F.2d 485; W. H. Goff Co. v. Lamborn & Co., 5 Cir., 281 F. 613; H. G. Baker & Bro. v. Pinkham, D.C., 211 F. 728; Ladew v. Tennes-

see Copper Co., C.C., 179 F. 245. More-over, the federal statute dealing with jurisdiction in cases of diverse citizenship has now been amended, U.S.C.A. Tit. 28, § 1332, so as to confer this jurisdiction specifically.

I hold therefore that this court has jurisdiction of this suit. It may therefore go forward as against the individual defendant Countess Maria Renata Tosti-Noc.

An appropriate order may be submitted.