George BUJAKI, an individual, Plaintiff,.

v.

William A. EGAN, Warren C. Colver,. James N. Wanamaker, P. L. Severson, and David Webb, Defendants.

Civ. No. A-64-64.

United States District Court
D. Alaska.

Feb. 4, 1965.

Kenneth N. McCaskey, of Robison, McCaskey & Lewis, Anchorage, Alaska, for plaintiff.

Warren C. Colver, Atty. Gen., Juneau, Alaska, and Michael M. Holmes and Dorothy Awes Haaland, Asst. Attys. Gen., Anchorage, Alaska, for defendants.

HODGE, Chief Judge.

The Complaint in this case is essentially one for damages for false imprisonment, together with further allegations of violation of the plaintiff's rights to due process of law under the Fourteenth Amendment to the Constitution of the United States. The State of Alaska was originally made a party to the Complaint but has been dismissed by virtue of the Eleventh Amendment to the Constitution of the United States. Jurisdiction over the remaining defendants is vested in this court by reason of diversity of citizenship. (Sec. 1332, Title 28 U.S.C.A.) These remaining defendants have moved to dismiss the Complaint upon the grounds that plaintiff has failed to state a claim against them upon which relief can be granted. It is necessary to consider separately the law applicable to the several defendants.

The Complaint alleges that plaintiff was arrested at Kodiak upon a charge of first degree murder and taken before the District Magistrate for the Superior Court for the State of Alaska at Kodiak, but was then transferred to Anchorage, where the case was presented directly to a grand jury for the Superior Court, and that he was ordered discharged from custody on September 15, 1964, by said Superior Court. Plaintiff further alleges that, despite said discharge,

> "The defendants negligently, and recklessly, and without any regard or concern for the plaintiff's civil rights and personal health and economic welfare, falsely imprisoned plaintiff from 15 September 1964 until 28 September 1964."

It is observed that no special charges of negligence or failure to perform any duty imposed by law are made against any of the defendants but only the general allegation of negligence, quoted above. For such false imprisoning by defendants and alleged violation of his civil rights plaintiff demands damages for loss of employment in the sum of $1,500.00, and further general damages

in the sum of $250,000.00, together with exemplary damages in a like sum of $250,000.00.

It has been held in the former Territorial Court for the District of Alaska that it is the basic law of negligence that there be some duty running from the defendant to the plaintiff and a breach of such duty. Churchill v. McKay, 17 Alaska Reports 633, 163 F.Supp. 339. No such specific duty of any officer to discharge the plaintiff is found in the Statutes or Rules of the State of Alaska. Sec. 12.40.080, Alaska Statutes provides simply that:

"When a grand jury does not return an indictment, the charge is dismissed, * * *"

Such duty may possibly be inferred from the preceding section, being Sec. 12.40.-070, which provides that the prosecuting attorney shall submit indictments to the grand jury and advise them in relation to their duties, but the Complaint does not so allege.

With regard to the defendants William A. Egan, Governor of the State of Alaska, and Warren C. Colver, Attorney General of the State, it is well established that public officials are not liable for the negligence or other tortious acts of their subordinates unless said officials actually cooperate in the alleged acts, which is not alleged. Robertson v. Sichel, 127 U.S. 507, 515, 8 S.Ct. 1286, 32 L.Ed. 203; Waters v. Bates, (D.C.Tenn., 1964) 227 F.Supp. 462; Rich v. Warren, (C.A. 6, 1941) 123 F.2d 198; Armacost v. Conservation Commission of West Virginia, (D.C.W.Va., 1954) 126 F.Supp. 414; Fidelity & Casualty Co. of New York v. Brightman, (C.A. 8, 1931) 53 F.2d 161; U. S. v. Rogde, et al. (D.C.S.D., 1914) 214 F. 283; and Anno. 3 A.L.R. 149; Kline v. Flannigan, (1927—Alaska) 7 Alaska Rep. 577.

Plaintiff cites cases as an exception to this rule relating to a public officer who appoints a deputy who is generally responsible for his official acts because the act of the deputy, by color of the principal's authority, is that of the principal himself. This is not the case as to the appointment of the defendant Wanamaker, for the "prosecuting attorney" of each judicial district is defined by Rule 56(a) of the Alaska Rules of Criminal Procedure as follows:

" 'Prosecuting Attorney' shall include the attorney general, assistant attorney general, deputy attorneys general and any attorneys, legal officers and assistants charged by law with the duty of prosecuting the violation of any law, statute or ordinance."

It appears, therefore, that the prosecuting attorney of each judicial district, although appointed by the Attorney General of the State, becomes an officer himself, or a servant of the public as distinguished from servants of the officer. (See 43 Am.Jur., Public Officers, Sec. 281, p. 94)

As to the defendant James N. Wanamaker, described in the Complaint as "the District Attorney of the Third Judicial District State of Alaska," the authorities uniformly agree that prosecuting attorneys are not liable in a civil action, such as malicious prosecution, where they act in their official capacity, which rule has been applied generally to officers acting in their official capacity as to suits for various torts. Cooper v. O'Connor, (1938) 69 App.D.C. 100, 99 F. 2d 135, 118 A.L.R. 1440; Anno. 118 A.L. R., 1450; Barr v. Matteo, (1959) 360 U.S. 564, 569, 79 S.Ct. 1335, 3 L.Ed.2d 1434; 42 Am.Jur., Prosecuting Attorneys, Sec. 21. The reason for this rule is expressed by the Supreme Court in the case of Barr v. Matteo, as follows:

"The law of privilege as a defense by officers of government to civil damage suits for defamation and kindred torts has in large part been of judicial making, * * * This Court early held that judges of courts of superior or general authority are

absolutely privileged as respects civil suits to recover for actions taken by them in the exercise of their judicial functions, irrespective of the motives with which those acts are alleged to have been performed, \* \* \* and that a like immunity extends to other officers of government whose duties are related to the judicial process. \* \* \*"

In like manner it has been repeatedly held that a prosecuting attorney is a "quasi-judicial" officer and is immune from suit under the Civil Rights Act for conduct in the performance of his official duties. Agnew v. Moody, (C.A. 9, 1964) 330 F.2d 868; Cawley v. Warren, (C.A. 7, 1954) 216 F.2d 74.

Plaintiff contends that the grand jury having failed to indict him, the quasi-judicial duties of the prosecuting attorney came to an end and that his duties thereafter were ministerial in nature, for which he may be held liable under the rule of Cooper v. O'Connor, supra, and Clark v. Kelly, 101 W.Va. 650, 133 S.E. 365, 46 A.L.R. 799. However, the Complaint does not so allege, and in fact plaintiff contends in his brief that the duty to prosecute crimes and offenses does not end with the judgment or order of the court, but extends to providing the police with all necessary process to carry the judge's order into effect citing 42 Am. Jur., Prosecuting Attorneys, Sec. 19, and State ex rel. Griffith v. Baird, 117 Kan. 549, 231 P. 1021.

As to the defendants P. L. Severson, described in the Complaint as the head jailer of the State of Alaska Jail at Anchorage, Alaska, and the defendant David Webb, described as a correctional sergeant of the Youth and Adult Authority of the State of Alaska, the rule set forth in Cooper v. O'Connor, supra, would generally apply. Plaintiff further cites

an annotation in 46 A.L.R. 806 in which it is stated:

"As a general rule a jailer, unless he has legal authority in the form of a valid written mittimus, is liable for false imprisonment in detaining a prisoner beyond a reasonable time for procuring such authority."

There is, however, no allegation in the complaint that these defendants received any order from the court to discharge the plaintiff from their custody prior to September 28, 1964, or detain the plaintiff beyond the time specified in their commitment.

Plaintiff's Complaint also alleges that these defendants, Severson and Webb, failed to advise plaintiff of his right to be released from jail following the order entered September 15th, but the plaintiff still fails to show wherein these defendants had any duty to so advise the plaintiff.

Summarizing, it is evident from the Complaint that someone made a mistake in not communicating to defendants Severson and Webb the order of the Superior Court Judge of September 15th that the plaintiff be released from custody but unfortunately no civil relief in the nature of damages is provided for such error in the judicial process; nor is it even shown or alleged who committed such error. In any event no liability would accrue for exemplary damages unless the acts complained of were done willfully and maliciously.

The Motion to Dismiss is therefore granted. An appropriate order dismissing plaintiff's Complaint may be presented and entered. Plaintiff is allowed thirty (30) days within which to amend his Complaint. If not so amended, a final judgment dismissing plaintiff's cause of action, with prejudice, may be entered by the Clerk pursuant to Rule 58, F.R.Civ. P. as amended.