(79 South. 865)

No. 22891.

JONES v. CITY OF NEW ORLEANS.

(Nov. 4, 1918.)

*(Syllabus by Editorial Staff.)*

1. GRAND JURY ☞42—GRAND JURY'S RETURN—EFFECT AS EVIDENCE.

Where the grand jury on investigating a charge of murder by a policeman returned "not a true bill," its return was prima facie evidence that the policeman did not commit a crime.

2. MUNICIPAL CORPORATIONS ☞747(3) — WRONGFUL ACT BY SERVANT—LIABILITY.

Even if the policeman employed by defendant city committed a private wrong against plaintiff, the city could not be held liable therefor in damages.

3. MUNICIPAL CORPORATIONS ☞733(1)—CORPORATE OR PRIVATE ENTERPRISE — OPERATION OF BELT RAILWAY.

The city of New Orleans in operating a belt railroad, as required by Act No. 179 of 1908, § 3, subject to the right of the board of commissioners of the Port of New Orleans to operate it on the city's failure to do so, in acquiring, owning, and operating such railroad was engaged in a governmental function.

4. MUNICIPAL CORPORATIONS ☞747(3)—POLICE OFFICERS—NEGLIGENCE.

A policeman in the performance of his duties is a governmental agent, and his negligence while acting in that capacity cannot give rise to an action in damages ex delicto against the municipal corporation which employs him.

5. MUNICIPAL CORPORATIONS ☞747(3)—POLICE OFFICER—PRIVATE EMPLOYÉ—LIABILITY FOR TORT.

A policeman employed by city of New Orleans and assigned to special duty under city's Public Belt Railroad Commission, and whose salary may have been paid by revenue accruing to that department, whether an employé of commission in a governmental function or an ordinary policeman, could not render city liable for damages ex delicto for his negligence.

Appeal from Civil District Court, Parish of Orleans; George H. Théard, Judge.

Action by Mrs. Stella Jones, widow of Joseph McCarthy, against the City of New Orleans. Judgment for defendant, and plaintiff appeals. Affirmed.

Henry Mooney, Wm. H. Byrnes, Jr., and Wm. O'Hara, all of New Orleans, for appellant.

John J. Reilley, Asst. City Atty., and I. D. Moore, City Atty., both of New Orleans, for appellee.

LECHE, J. Joseph McCarthy was shot to death by Alexander Humphreys on one of the docks of the city of New Orleans, April 27, 1915. At that time Humphreys was a policeman assigned to duty under the Public Belt Railroad Commission of the City of New Orleans and was acting as special officer, Public Belt Railroad. The present action is by Mrs. Stella Jones, widow of McCarthy, suing in her individual capacity and as natural tutrix of her minor children, issue of her marriage with McCarthy, against the city of New Orleans for $30,000 damages for the negligent, wanton, and careless killing of her said husband. The district judge refused plaintiff's demand, and she has appealed.

The record shows that the Public Belt Railroad Commission, as presently constituted, was created by ordinance of the council of the city of New Orleans, adopted October 4, 1904, for the purpose of acquiring, maintaining, and operating a double-track public belt railway in the city of New Orleans for the benefit of the people of said city, in order to connect the freight and passenger terminals of the several railroad systems then or thereafter entering the city of New Orleans and to facilitate shipments to and from industrial plants already situat-

ed or thereafter to be established in said city, and, with that end in view, to transport passengers and freight. In order to provide the means of carrying out the objects of the ordinance, the city council appropriated $40,000 already collected under a previous ordinance and, a further sum of $10,000 per annum for the years 1906 to 1915, inclusive. After surmounting many difficulties principally of a financial nature, the appropriations made in the ordinance being wholly inadequate to carry out its purposes, the Belt Railroad was finally acquired and established, and was in complete operation at the time of the unfortunate occurrence which gave rise to the present litigation.

When Humphreys killed McCarthy, he was a policeman, appointed in the same manner as all other members of the police force, and vested with the same authority, but assigned to the special duty of protecting the property which came under the control and in the custody of the Belt Railroad. It is not denied that he was acting within the scope of his employment when he did the shooting.

Plaintiff bases her right to recover on three propositions: (1) That the shooting was done negligently, wantonly, and carelessly; (2) that the Belt Railroad is a corporate or private enterprise, and its operation not a government function; and (3) that Humphreys, being an employé of the Belt Railroad, was performing a private duty not governmental or public in its nature.

[1, 2] The killing of McCarthy by Humphreys was investigated by the grand jury for the parish of Orleans, and, upon a charge for murder against Humphreys, that body returned "not a true bill." Although that return is prima facie evidence that Humphreys did not commit a crime, he might nevertheless be guilty of a private wrong against the plaintiff, a matter which in our opinion need not be investigated for two reasons: First, because this suit is not against Humphreys personally; and, secondly, because, even if Humphreys committed a wrong, the defendant city of New Orleans cannot be held liable therefor in damages.

[3] The second proposition relied upon by plaintiff is far from being easy of solution.

"The distinction between the two capacities of a municipal corporation is important and must be constantly kept in mind, but it is not always easy to draw, as some functions are close to the line and are held governmental in some states but private in others, or even in the same state are held governmental for some purposes and private for others." R. C. L. vol. 19, p. 698.

If the city of New Orleans merely had authority from the Legislature to operate a belt railroad, that enterprise might very plausibly be held to be corporate or private in its nature; but according to section 3, Act 179, p. 256, of 1908, the maintenance of the Belt Railroad is imposed upon the city as a duty of such public importance that in case of failure, upon the part of the city to carry it out, the board of commissioners of the port of New Orleans is empowered, directed, and authorized to administer and operate the system. Whatever doubt may otherwise exist as to the nature of the function performed by the city of New Orleans in acquiring, owning, and operating a belt railroad system, it must yield to the will of the sovereign thus clearly expressed, and the court cannot escape the conclusion that such function is governmental and the city only an agency through which it is performed. We therefore hold that plaintiff's second proposition is erroneous, and that the operation of the Belt Railroad by the city of New Orleans is a governmental function.

[4, 5] Plaintiff's third proposition is, in our opinion, equally unsound. It is not disputed that a policeman in the performance of his duties is a government agent, and that his negligence and carelessness, while acting in that capacity, cannot give rise to an action,

in damages ex delicto against the municipal corporation which employs him. Such was the ground upon which plaintiff's demand was refused by the learned judge of the district court. But plaintiff seeks to distinguish Humphreys' occupation from that of an ordinary policeman and to assimilate his position to that of an employé of a private corporation incidentally vested with police authority. Humphreys was commissioned as a policeman by the city of New Orleans; he was under the control of the city authorities; and, though he was assigned to a special duty under a particular department of the city administration and his salary might have been paid by revenues accruing to that department, his employment was of the same nature and for the same general purpose as that of any other policeman. We are therefore of the opinion, whether Humphreys be considered as an employé of the Belt Railroad Commission, a governmental function, or whether he be considered as an ordinary policeman, that plaintiff cannot hold the city of New Orleans liable in damages ex delicto for his negligence or carelessness.

Judgment affirmed.

PROVOSTY, J., absent on account of illness, takes no part.