No. 9669.

Orleans Appeal.

---

JAMES DAVIS v. NEW ORLEANS PUBLIC BELT R. R., Appellant.

(April 27, 1925, Opinion and Decree.)
(May 25, 1925, Rehearing Refused.)
(Reported in 155 La. 504, 99 South. 419.)

*(Syllabus by the Court.)*

1. **Louisiana Digest—Judgment—Par. 153, 165.**

Where a question of law as to the liability in tort of a municipality for negligence of its agents and servants in the operation of one of its enterprises, is raised by exception of no cause of action, filed *in limine*, and subsequently determined by the State court of last resort, the conclusions of that court as to the question so raised becomes the law of the case, governing all subsequent proceedings which may arise in the case, other than questions of fact necessary for determination of the act of negligence or for the quantum of damages, arising after the remanding of the case for these purposes.

2. **Louisiana Digest—Pleading—Par. 38.**

Objections are properly maintained by the trial court to the subsequent filing of additional exceptions of no cause of action and of supplemental answer, tending on the face of such pleadings to change the issues and defenses originally pleaded or to re-open points or questions previously litigated and finally determined.

3. **Louisiana Digest—Appeal—Par. 625.**

The conclusions of the trial judge as to the facts, unless clearly erroneous; and as to the quantum, unless clearly excessive, will not be disturbed.

Appeal from Civil District Court for the Parish of Orleans, Division "F", Hon. Percy Saint, Judge.

This is a damage suit for damages arising ex dilecto. An exception no cause of action was maintained by the district court and the Court of Appeal but reversed by the supreme court on a writ of certiorari. The case wmas remanded for re-trial on the merits. The defendant then filed a supplemental pleading which was rejected.

Defendant appealed.

Judgment affirmed.

Edw. Rightor, attorney for plaintiff and appellee.

W. McL. Fayssoux, McCloskey & Benedict, attorneys for defendant and appellant.

BELL, J. This case is before this court for the second time, this time on appeal from a final judgment of the District Court, rendered on April 23, 1924, in favor of plaintiff, for damages in the sum of $7,500.00. The City of New Orleans, defendant and appellant, now contends that it has not "had its day in court on a crucial question of fact". From the evidence in this case, it cannot be seriously contended that the death of plaintiff's son arose from any other cause than the gross negligence of defendant's agents or employees while operating one of the trains of the Public Belt Railroad. The quantum of damages awarded are, in our opinion, not excessive, and should remain as fixed by the trial court, at the sum of $7,500.00. With this matter determined, there is but one question before us for further consideration, and that is whether the bill of exceptions taken by defendant at the final hearing in the District Court should be maintained and whether the case should be remanded, with directions to the trial court to receive and consider the supplemental answer and exceptions heretofore filed and rejected, and whether the court *a qua* shall be directed to try the issues thereby raised.

It is contended now by counsel for defendant and appellant that the trial court, having in the first instance referred defend-

ant's original exception of no cause of action to the merits, defendant is thus deprived of an opportunity to make full and ample presentation of certain facts applicable to the law upon which the original exception of no cause of action shall be predicated; that nowhere in pleadings, testimony, briefs or arguments was the question of the operation of the Public Belt Railroad, for private profit or private gain, ever raised.

Considering the foregoing contention, it is proper to quote *in extenso* from the trial judge's reasons for judgment, which are as follows:

### "REASONS FOR JUDGMENT.

"This is a damage suit instituted against the defendant for damages arising *ex delicto*. At the outset, plaintiff's petition was met with the peremptory exception of no cause of action, and under the ruling of the Supreme Court, in the case of Jones vs. City of New Orleans, reported in the 143 La. 1074, 79 South. 865. I am forced to maintain the exception.

"The exception was referred to the merits because of the urgent contention of counsel for plaintiff that if the Public Belt Railroad was to be maintained and operated by the City of New Orleans, that, by all custom, and by the ruling of the Interstate Commerce Commission, 'operating expenses' necessarily include whatever expense may be incurred by reason of damages flowing *ex delicto* from the 'operation' of the road. Counsel for plaintiff argue that if the City was authorized to 'maintain and operate' the belt road, that it was authorized and directed by the Constitution of 1913 to pay all 'operating' expenses, as well as maintenance cost and expenses. The Constitution of 1913 does authorize and direct the City, through the Board of Commissioners, to maintain and operate the Belt Railroad, and that all earnings, or revenue, over and above these expenses (including operating expenses) shall go to the payment of the bonds issued by the Public Belt Railroad. This is the reason the exception was referred to the merits and decided after hearing on the merits.

"On the merits, I deem it proper to say that the evidence shows that the operation of the train which killed the son of defendant, was negligent; the evidence shows

that no precaution was taken by those operating the train, and that ordinarily the plaintiff should recover substantial damages; but, under the Jones case, above decided, I must dismiss plaintiff's suit, and it is so ordered."

By a majority opinion, this court affirmed the judgment of the trial court, maintaining the original exception of no cause of action, but on the writ of *certiorari* to the Supreme Court, whose decision is found in Davis vs. New Orleans Public R. R., 155 La. 509, 99 South. 419. That court, differentiating the Jones case, reversed the judgment of this and the District Court, overruled the exception of no cause of action and remanded the case for re-trial on the merits. The salient points to be noted in the opinion of the Supreme Court are found in what is here quoted:

"We shall not go into the matter of whether, if the Board of Port Commissioners should find it necessary to take over and operate the railroad system to insure the payment of the bonds, it would be liable for a tort; it will be time enough to determine that question when and if such issue should arise. We shall confine ourselves to the question of liability of the city through the Public Belt Railroad under the facts of this case.

"The duty of operating a public belt railroad through a commission was voluntarily assumed by the City of New Orleans in its original ordinance heretofore mentioned, which was subsequently approved and ratified by the Legislative and Constitutional amendment. This was done solely for the private benefit of the city and its inhabitants. It is true that the said act and amendment have subsequently hedged it about with certain restrictions and limitations, but this was for the protection of the bondholders and to insure a continuance of its operation for the benefit of the people of the community. However, this has not had the effect of making it a State agency solely charged with the discharge of a Government function; nor has there been any provision exempting it from the character of liability here claimed. Its nature and purpose still remain the same, i. e., that it is a department of the City of New Orleans discharging a municipal or

corporate function for private gain and for the private benefit and advantage of its inhabitants."

In compliance with the mandate of the Supreme Court that this case should be reconsidered on its merits, the defendant, on the calling of the case for retrial, filed a supplemental answer. To the rejection of this document or pleading by the judge *a quo*, the bill of exceptions, now before us, was taken. This supplemental pleading, reiterative as to exception of no cause of action, is coupled with an extensive answer, offered and intended as an answer supplemental to the original answer by which the issues in the case were primarily established. This document, after careful recital of the historical development and perpetuation of the Public Belt Railroad by ordinance, as well as legislative and constitutional enactments, sets up, in part, as follows:

"Now, respondent avers that the Honorable Supreme Court decided the exception of no cause of action upon grounds not presented by the pleadings, arguments or briefs; that said grounds were not adverted to directly or indirectly before this Honorable Court or before the Court of Appeal, and nothing in the opinion of the Court of Appeal touches thereon; that the opinion of the Supreme Court excepts this defendant from the operation of the general rule of law, without passing upon the question of 'maintenance' and 'operation' or the meaning thereof, and, in fact, failed to consider the entire argument submitted to the court by both litigants thereupon, and said Honorable Supreme Court decided against this defendant upon a question of fact, which said Honorable Court assumed, without evidence whatever, and as to which this defendant has not had its day in court.

"That, as appears by the opinion of the Supreme Court, made part of this answer, it is shown that this court found as a fact that this respondent was operating for a private gain and profit of the inhabitants of the City of New Orleans, and, hence, it held that its operation of the Belt Railway System fell without an act of governmental agency, rendering it liable for the torts of its servants.

"Now, your respondent most respectfully avers that the facts are the reverse of those found by said court; that respondent's confirmed policy had not, has not, does not, and will not contemplate an operation for profit or private gain, and this policy has been in effect for fifteen years; that in its judgment the Honorable, the Supreme Court, was without power under Article 895, Code of Practice, to pass upon and decide issues, particularly of fact, not raised below, and that, if given the opportunity, your respondent will demonstrate the incorrectness of the conclusions of the Honorable Supreme Court upon said facts."

It is now argued in support of the bill of exceptions taken to the order rejecting the supplemental pleadings, that said refusal or rejection is tantamount to a denial to exceptor of due process of law. Upholding such contention would be, in effect, a pronouncement by this court—an intermediate, appellate tribunal—that the trial judge was in error in failing to observe or follow the jurisprudence of our court of last resort, as expressed in its decision in the instant case, and reported in 155 La. 504, 99 South. 419.

Since the rendition of the judgment now appealed from, the law, clearly enunciated as to the status of the Public Belt Railroad concerning liability in tort actions, has been forcibly reiterated in the case of Solomon vs. City of New Orleans, 156 La. 629, 101 South. 1, where the Supreme Court, under circumstances identical with those in the instant case, declared:

"Our conclusion is that the Public Belt Railways System of New Orleans is owned and operated by the City for pecuniary profit under a lawful grant of authority from the State; that it is a private enterprise of the said City, not governmental in its nature and character, and that the City is liable for the negligence and torts of its agents and servants in the operation of said enterprise.

"The precise question here involved was at issue in the case of Davis vs. New Orleans Public Belt R. R., No. 25,971 of the docket of this court, 155 La. 509, 99 So. 419, the opinion in which was handed down June

30, 1923. We there held that the said railways system was a department of the City of New Orleans, discharging a municipal function for private gain and for the private benefit and advantage of the inhabitants of the city. We have considered the able and exhaustive brief of the special counsel for the Public Belt Commission for the City of New Orleans and the authorities cited and disclosed by them, but we see no reason to depart from our former ruling in the Davis case."

It is finally urged that the Supreme Court of Louisiana, in denying a rehearing in this matter, could only have done so under ignorance of the fact that this case had already been tried on the merits before consideration by that court, and, further, upon the Supreme Court's belief that the defendant might yet interpose the defenses now sought to be presented by the supplemental answer. This surmise or theory as to the reasons for the court's denial of a rehearing are shown to be groundless after a perusal of defendant's brief on rehearing, filed in the Supreme Court. Our attention is urged by counsel for appellee to a copy of said brief. We note therein that the substantial averments made against the operation of the Public Belt for private gain or private profit, as found in the supplemental answer, are strenuously urged *arguendo* in said brief.

In Black on "Law of Judicial Precedents", page 262, it is said:

"When a point or question arising in the course of a litigation is once solemnly and finally decided, the rule or principle of law announced as applicable to the facts presented becomes the law of that case in all its subsequent stages or developments, and is binding both upon the parties and their privies and also upon the court, so that the former will not be permitted, nor will the latter consent, to reopen the same issues for further consideration whatever grounds there may be for regarding that decision as erroneous."

See also Cusach vs. Dugue, 113 La. 261, 36 South. 960.

To maintain the bill of exceptions now before us and to remand this case for further trial under the issues raised by the supplemental pleadings would be not only futile, but, in our opinion, contrary to all precedent in regard to the respectful observance which should be given by intermediate State Courts to the solemn and final pronouncement of the Superior State Court of last resort.

We are of the opinion that the bill of exceptions is not well taken and should, therefore, be dismissed.

It is now ordered, adjudged and decreed that the judgment herein appealed from be and the same is hereby affirmed at defendant's costs in both courts.

CLAIBORNE, J. I respectfully dissent. I think the supplemental answer should have been received and the objection to its admission rejected; and for that reason that the case should be remanded.