155 So. 433

**MARTIN v. MAGEE et al.**

No. 32510.

May 21, 1934.

M. J. Allen, of Amite, and J. M. Alford, of Tylertown, Miss., for appellant.

Talley & Cassidy, of Bogalusa, and Spearing & McClendon, of New Orleans, for appellee United States Fidelity & Guaranty Co.

Ott & Johnson, of Franklinton, for appellee American Surety Co.

O'NIELL, Chief Justice.

This is a suit for damages for an alleged unwarranted and unlawful arrest of the plaintiff, by three police officers, acting under the orders of the chief of police, of the city of Bogalusa. The defendants are the chief of police and the three other officers, and the United States Fidelity & Guaranty Company, of Baltimore, and the American Surety Company of New York. The surety companies were sued because they were sureties on the bonds given by the police officers in favor of the city of Bogalusa, for $1,000 each, to guarantee the faithful performance of their official duties. The surety companies pleaded that the plaintiff had no cause or right of action against them. The district judge sustained the plea and dismissed the suit as far as the surety companies were concerned. The plaintiff has appealed from the decision. The question of liability of the police officers is not before us.

The only question is whether the terms and conditions of the bonds of the police officers were such as to make the surety liable for damages for an injury sustained by a third party, or by any one but the city of Bogalusa, by reason of a tort or wrongdoing on the part of one of the police officers in the performance of his official duties. The bonds are for $1,000 each. The bond of the chief of police, signed by the United States Fidelity & Guaranty Company as surety, purports to guarantee merely that the officer "shall well and faithfully perform all of the duties of his office." And the bond of each of the three other policemen, signed by the American Surety Company of New York as surety, purports merely to bind the officer and his surety to pay to the city of Bogalusa, as obligee, such pecuniary loss, not exceeding $1,000, as the city shall have sustained, of money or other personal property, by any act or acts of fraud, dishonesty, forgery, theft, embezzlement, wrongful abstraction, or willful misapplication, on the part of the officer, directly or through connivance with others, while holding the position of policeman in the service of the obligee. The language of the bonds leaves no doubt that they were given to protect only the city—the municipal corporation—and not any individual citizen, against loss or injury from official wrongdoing on the part of the police officers. Inasmuch, however, as the conditions of all official bonds required of officers of the city of Bogalusa are prescribed by statute, we must refer to the statute in determining the extent of the liability of the surety on any such bond. Section 23 of the charter of the city, Act No. 14 of 1914, p. 26, declares:

"Official Bonds required by this charter, or by any ordinance of the City of Bogalusa, shall be conditioned that the principal will well and truly, honestly and faithfully, perform the duties of his office, and will at all times account to the City or the proper officers thereof, for all moneys and property received or taken by him on behalf of the city, and at the expiration of his office, or termination thereof, he will promptly surrender to his successors in office, or to such officer as may be designated by the Commission [Council], or his superior officer, all the books, records, papers, documents, property and paraphernalia belonging to or used in said office, or in connection therewith, together with a complete inventory and statement of such property so to be turned over by him."

The conditions prescribed by the statute, therefore, also show that the bonds required of officers of the city of Bogalusa, whether by the terms of the city's charter or by municipal ordinance, are given only to protect the municipal corporation itself, and not to protect any individual, against loss or injury from any wrongful performance, or the neglect, of an official duty on the part of any such officer.

We are not aware of any decision rendered by this court on the question presented in this case. In other jurisdictions the rule is that no individual has a right of action on an official bond given by a police officer in favor of the municipality, for damages for injuries suffered at the hands of the officer while in the discharge of his official duties. It was so decided in Carr v. City of Knoxville for Use of Monday, 144 Tenn. 483, 234 S. W. 328, 19 A. L. R. 69. In the annotation, 19 A. L. R. 73, is a lineup of the decisions on each side of the proposition, with the majority sustaining this statement:

"The majority of the few decisions upon the question of the right of an individual to maintain an action upon the bond of a peace officer running to the public, and conditioned upon the faithful performance of his duties as a guardian of the law, are to the effect that such an action cannot be maintained by a stranger to the contract, such as an individual member of the public, to recover damages or penalty for injuries sustained by him at the hands of the officer; at least, in the absence of legislation expressly giving him a right of action on the bond."

Section 3539 of the Revised Statutes of Louisiana provides that an action may be brought on the official bond of a sheriff, against him and his sureties, in the name of the party injured, and that the bond shall not become void by a first or any other recovery, but may be sued on and recovered on as often as any breach of a condition thereof shall happen. But the statute has no application to an official bond required of a police officer of a municipal corporation.

It appears that the plaintiff in this case, who has filed no brief, depended mainly upon Act No. 253 of 1918, as amended by Act No. 55 of 1930, which provides, with reference to liability insurance policies, "that the injured person or his or her heirs, at their option, shall have a right of direct action against the insurer company within the terms and limits of the policy." Section 1 as amended by Act No. 55 of 1930, § 2. But the bonding companies, or surety companies, in

this instance, did not insure the police officers against liability for damages for injuries sustained by others. The bonding companies, or surety companies, did not insure the city of Bogalusa against any such liability, because in fact there is no liability on the part of a municipality for damages for injuries done to others by police officers in the discharge of their official duties. The act of 1918 and the act of 1930 refer only to a "policy against liability," which is something entirely different from a bond given by a public official for the faithful performance of his duties.

The judgment is affirmed.