**BROWN**

v.

**CITY OF WISNER, La., et al.**

**Civ. A. No. 4547.**

United States District Court
W. D. Louisiana, Monroe Division.
July 26, 1954.

James Sharp, Jr., Monroe, La., for plaintiff.

Harry N. Anders, Winnsboro, La., Theus, Grisham, Davis & Leigh, Monroe, La., for defendants.

DAWKINS, Jr., Chief Judge.

Presented here, with complacent confidence, is one more of the frequent efforts, simply by waving the Constitution on high, to open the doors of Federal Courts for adjudication of purely local and private disputes. Widespread belief apparently prevails in some quarters that a sort of "Open Sesame" is found in the Fourteenth and Fifteenth Amendments: that no matter how devoid of true constitutional issues or substantial Federal questions such cases may be, with those magic words they may call forth the full powers of the Federal judiciary in aid of claims for which they may have complete redress in State Courts, where they properly belong.

Plaintiff, a citizen of Louisiana, claims $100,000 in damages from the City of Wisner, a Louisiana Municipal corporation, and from one of its policemen, Willie Howington. In substance her complaint alleges: That on February 10, 1954, while she and other Negroes were standing in line waiting to register as voters at the City Hall in Wisner, Howington committed an unprovoked assault and battery upon her, simply because "he does not approve of Negroes voting", causing her to sustain serious injuries and damages.

There being no diversity of citizenship present, jurisdiction is sought to be invoked under the Fourteenth and Fifteenth Amendments, and through 28 U.S. C.A. §§ 1331, 1343(3) and 1357.[1]

1. Article XIV, section 1: " * * * No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due

Defendants have moved to dismiss for lack of jurisdiction and for failure to state a valid claim.

■ We note at the threshold that plaintiff does not complain that any State law or local ordinance abridges her rights. She does not claim her life, liberty or property have been taken, or that she has been denied the equal protection of the laws. She does not allege she has been, or is being, deprived of the right to register and vote. Nor does she claim deprivation of her equal rights or any other privileges or immunities secured to her by the Constitution and laws of the United States. Instead, her suit is purely for money damages on account of the assault and battery: a wrong committed against her by an individual.[2] She seeks no other relief.

■ A mere assertion by a plaintiff of entitlement to a Federal remedy does not satisfy Federal jurisdictional requirements, when the facts alleged do not support the assertion.[3] Even though an incidental Federal question may be "lurking in the background", it is not an adequate basis upon which Federal jurisdiction may attach:

"* * * A cause of action does not have the necessary jurisdictional elements unless it presents a basic dispute as to the interpretation or construction of the Constitution or laws of the United States of such serious import that jurisdiction will be supported if the laws or constitutional provision be given one interpretation and defeated if given another." Screven County v. Brier Creek Hunting & Fishing Club, 5 Cir., 202 F.2d 369, 370.

■ Here there is no such basic dispute. The decisive issue is not one of law but of fact.[4] There was no "unjust discrimination" by the State or the municipality.[5] The Fourteenth and Fifteenth Amendments apply only to State action, as such, not to wrongs perpetrated by one individual upon another.[6]

Under the State law plaintiff's right to recover damages from Howington is clear, if she can prove the facts she alleges. The State courts are open to her,

process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

Article XV, section 1: "The right of citizens of the United States to vote shall not be denied or abridged by the United States or by any State on account of race, color, or previous condition of servitude."

28 U.S.C.A. § 1331: "The district courts shall have original jurisdiction of all civil actions wherein the matter in controversy exceeds the sum or value of $3,000, exclusive of interest and costs, and arises under the Constitution, laws or treaties of the United States."

28 U.S.C.A. § 1343: "The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person: * * *

"(3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States."

28 U.S.C.A. § 1357: "The district courts shall have original jurisdiction of any civil action commenced by any person to recover damages for any injury to his person or property on account of any act done by him, under any Act of Congress, for the protection or collection of any of the revenues, or to enforce the right of citizens of the United States to vote in any State."

2. The City is not liable for this under Louisiana law. Its governmental immunity is clear. Jones v. City of New Orleans, 143 La. 1073, 79 So. 865; Rush v. Town of Farmerville, 156 La. 857, 101 So. 243, and cases cited therein.

3. Kilgore v. McKethan, 5 Cir., 205 F.2d 425.

4. Screven County v. Brier Creek Hunting & Fishing Club, supra; Annotation 13 A.L.R.2d 390; Screws v. U. S., 325 U.S. 91, 65 S.Ct. 1031, 89 L.Ed. 1495.

5. Snowden v. Hughes, 321 U.S. 1, 64 S. Ct. 397, 88 L.Ed. 497.

6. Shelley v. Kraemer, 334 U.S. 1, 68 S. Ct. 836, 92 L.Ed. 1161, 3 A.L.R.2d 441; Ex parte Commonwealth of Virginia, 100 U.S. 339, 25 L.Ed. 676.

and we are sure she will obtain justice there, if her case is meritorious.

The assertions of Federal questions here are merely colorable. They are insubstantial. We have no jurisdiction.[7] The motion to dismiss for lack of jurisdiction is sustained. Present decree accordingly.

---

**7.** Charlton v. City of Hialeah, 5 Cir., 188 F.2d 421; Hewitt v. City of Jacksonville, 5 Cir., 188 F.2d 423; Ygleaias v. Gulf-stream Park Racing Ass'n, 5 Cir., 201 F. 2d 817; McQuire v. Todd, 5 Cir., 198 F. 2d 60.