ELLIS, Judge.
Plaintiffs have filed this suit in which they are seeking personal injuries and property damage as the result of a collision between a Packard sedan driven by Mrs. Mercier and an ambulance being operated by Lidi Johnson, at the intersection of Terrace Street and Park Boulevard in the City of Baton Rouge. The trial resulted in a judgment in favor of 'Walter H. Mercier in the sum of $371.29 for damages to the Packard automobile, and judgment in favor of Mrs. Agnes Mercier, his wife, in the sum of $500 for personal injuries suffered in the collision, against Johnson and his insurer, in solido.
The defendants have appealed from this judgment and the plaintiffs have answered seeking an increase in the damages awarded by the Lower Court to Mrs. Mercier from the sum of $500 to $2,500.
The facts are not greatly in dispute, only the conclusion to be drawn from such facts. It is the position of the plaintiffs that Mrs. Mercier had pre-empted the intersection at the time of the collision, while, on the other hand, the defendants strenuously argue that Mrs. Mercier was guilty of contributory negligence which was a proximate cause of the accident in failing to keep a proper lookout in that she failed to see the ambulance being operated by Johnson and therefore drove her Packard car into the intersection in the face of the oncoming ambulance traveling on Park Boulevard which, at the time was faced with a blinking amber light, whereas traffic on Terrace Street, was faced with a blinking red light, indicating that Park Boulevard was the favored street.
The evidence revealed that Mrs. Mercier was traveling in a westerly direction on Terrace Street, at approximately 5 :45 a. m. on her way to church, whereas the defendant Johnson and a guest passenger were in the Cadillac ambulance going south on Park Boulevard, which is a four lane street with a neutral ground in the center. The east and west lanes for north and south traffic are 21 feet in width, and the neutral ground is approximately ten or twelve feet wide, making a total distance from the east side to the west side of 52 to 54 feet. Terrace Street is shown on the sketch to be 24 feet in width. It is also *90 shown that prior to 6 a. m. a light blinks red for the traffic entering Park Boulevard from Terrace Street, whereas there is an amber or caution blinker for traffic proceeding on Park Boulevard and crossing the intersection of Terrace Street. It is further shown that the red blinker system means come to a stop whereas the amber blinker system means for a motorist to slow down and proceed with caution.
Mrs. Mercier testified that on the morning of the accident she came down Terrace Street to where it intersects Park Boulevard, stopped, looked both ways, shifted into second and started across the intersection. She was traveling from east to west and therefore had to cross the east or north bound traffic lane of 21 feet, the distance of the neutral ground of ten or twelve feet, and then the west or south bound traffic lane of Park Boulevard, which was 21 feet wide. She testified she saw no traffic and never saw the Cadillac ambulance until she was struck on the right front fender near the front wheel. The testimony shows this point of impact to have been approximately two feet east of the center of the intersection in the west or south bound traffic lane and in the center of Terrace Street.
According to the testimony of Johnson and his guest passenger as well as a third disinterested witness who was traveling on Park Boulevard approximately 20 feet behind the ambulance just prior to the collision, Johnson was approximately 30 feet from the Terrace Street intersection traveling on the left side of the south bound traffic lane of Park Boulevard when he first saw Mrs. Mercier approximately six to eight feet in Park Boulevard from the East Terrace Street intersection, and he immediately realized that there was going to be a collision, applied his brakes and steered the ambulance to the right but could not avoid the collision. In the face of positive proof that the ambulance had left skid marks 45 feet in length, Johnson, the guest passenger, and the disinterested witness still insisted that they thought Johnson was only thirty feet from the intersection when he saw Mrs. Mercier and realized there was to be an imminent collision.
An analysis of the surroundings and testimony will show that it was not far wrong, for Terrace Street was 24 feet in-width, and the impact took place in the center, and he therefore skidded 12 feet after reaching the north line of the intersection of Park Boulevard and Terrace Street, which would leave 33 feet in skid marks north of the intersection.
There was nothing to obstruct Mrs. Mercier’s view when she arrived at the intersection of Terrace Street and Park Boulevard, and had she looked she was bound to have seen the ambulance coming south on the other side of Park Boulevard, and if she did not look, she is charged with knowledge. However, as Park Boulevard is a four lane street with a neutral ground in the middle it was her duty when she reached the eastern intersection of Terrace and Park Boulevard to look to her left so that she might clear traffic traveling north, and when she arrived at the neutral ground it was then her duty to look to the right for south bound traffic in the west or south bound lane of travel on Park Boulevard. In other words, she had two separate streets to cross with a sanctuary in the middle, and before she left this sanctuary it was her duty to look again and be sure that she could safely cross this south bound traffic lane on Park Boulevard. This she did not do for she never saw the Johnson ambulance until the collision. It must be remembered that she had only traveled approximately eight and one half feet until she was struck on the front right fender near the front wheel. Therefore, the front bumper of her automobile was probably close to the center line of the intersection. The width of the neutral ground being ten or twelve feet, she could have stopped there with no danger of interfering with traffic to her rear or traffic passing in front of her, and had she looked as she should have done before she left the safety of the neutral ground, she would have seen the ambulance with all brakes on, so near that she could not possibly have reasonably *91 assumed that she could enter and cross even the first lane of travel for south bound traffic on Park Boulevard.
While there is no doubt that the Johnson ambulance was traveling at an excessive rate of speed as he was unable to stop within 45 feet and was, therefore, guilty of negligence, yet Mrs. Mercier was guilty of contributory negligence in failing to look and see the Johnson ambulance, and in proceeding into the intersection in the face of a certain collision. Her negligence was a proximate cause of the accident.
For these reasons, the judgment of the District Court is hereby reversed and plaintiffs’ suit dismissed at their cost.