BOLIN, Judge.
Talmadge F. Brown brought this suit for personal injuries received by him while he was incarcerated in the Shreveport city jail. He alleged that he was arrested by the city police officers on June 1, 1959, for being drunk and disorderly; that he was taken to the city jail where he was “booked” for such charges and confined in the “drunk tank”, which room is located on the third floor; that at the time of his confinement, he was the only person in the “tank”, hut that several hours thereafter Melvin Woodard and Clifton O’Donnell were arrested and placed in the same room with him; that Woodard and O’Donnell were intoxicated and very abusive and belligerent; that immediately upon these persons being placed in the “drunk tank” the door was locked and all officers and jail personnel departed leaving no responsible party within either calling or hearing distance; that very soon thereafter Brown was violently assaulted by Woodard resulting in serious personal injuries.
As a result of these injuries, Brown instituted a tort action against Melvin Woodard, the City of Shreveport, Earl Downs. (Commissioner of Public Safety), Harvey Teasley (Chief of Police), and Van Howell,, the custodian of the city jail. The defendant, Melvin Woodard, did not file any exceptions and he is, therefore, not a party to this appeal. All other defendants filed exceptions of no cause or right of action,, which were sustained as to all parties except Van Howell, the jailer. The plaintiff has taken this appeal from the judgment sustaining the exceptions against the City of Shreveport, Earl Downs and Harvey Teasley. Van Howell has not appealed from the judgment overruling his exception,, and he is likewise not a party to this appeal.
Counsel for the plaintiff has not complained of the correctness of the ruling of the trial court in sustaining the exception insofar as it relates to the City of Shreveport, and in oral argument conceded that this portion of the appeal had been abandoned. In any event, we have concluded that the judgment sustaining the exception against the city was correct because a municipality is not liable for damages sustained by a third person because of the torts, committed by its police officers while discharging their official duties. Martin v. Magee, 1934, 179 La. 913, 155 So. 433; Rush v. Town of Farmerville, 1924, 156 La. 857, 101 So. 243; Joliff v. City of Shreveport, 1918, 144 La. 62, 80 So. 200; Jones v. City of New Orleans, 1918, 143 La. 1073, *542 79 So. 865; Taulli v. Gregory, 1953, 223 La. 195, 65 So.2d 312.
This brings us to the serious question before us, and that is whether the Commissioner of Public Safety, as an elected city official, and the Chief of Police, as an appointed officer, may he held liable in a tort action for the negligent acts of their subordinate police officers and jailer. In this connection, the plaintiff’s petition sets forth in detail the various acts of negligence for which Melvin Woodard and Van Howell are chargeable. As to Van Howell, seven separate allegations of fault are set forth, all of which ultimately devolve upon the question of whether it was proper to have locked these three parties together and left them unguarded in the same cell. In this connection, it is plaintiff’s contention that the jailer knew, or should have known, of the dangerous character of the two other persons and that he is, therefore, chargeable for the consequences of the violent assault and battery committed by Woodard. The plaintiff alleged that the names of the police officers who arrested the various parties were unknown to him, but that they were likewise guilty of various acts of negligence in placing the belligerent prisoners in the same cell with the plaintiff.
However, plaintiff does not allege any acts of negligence by either Mr. Downs or Mr. Teasley, but simply predicates such liability on the fact that they are the superiors of the police officers and the jailer who effected the arrest and incarceration of the prisoners. Paragraph XXI of the plaintiff’s petition, by way of summary, sets forth the various acts of negligence against the jailer and the arresting officers. Thereunder in bold heading is “Fault of Melvin Woodard” wherein categorically follows his various acts of negligence. This paragraph then contains the following caption: “Fault of Van Howell and the Police Officers Who Arrested and Incarcerated Woodard and O’Donnell”, which is followed by a list of the many acts of negligence chai-geable to them.
As we appreciate the case, plaintiff’s cause of action must stand or fall on Paragraph XXII, which is as follows:
“The acts of omission and commission of the jailer and police officers detailed as aforesaid were done or omitted to be done by them while acting in the course and scope of their employment as employees of the Department of Public Safety of the City of Shreveport, under the control of, and subject to the direction of, the executive officers of such department, particularly, Harvey Teasley, the Chief of Police, and Earl Downs, the Commissioner of said department, and, as the superiors and employers of said parties, they are liable, jointly and severally, with said parties for said acts.”
It is, therefore, apparent that plaintiff is basing his claims against Downs and Teasley under the doctrine of respondeat superior rather than any direct acts of commission or omission on the part of these individuals. It is our opinion that the trial judge correctly stated this rule of law as it applies to these officials when he assigned the following written reasons for his ruling on the exceptions:
“ * * * the exception must be sustained insofar as the Commissioner of Public Safety and the Chief of Police are concerned.
“Although we have not been cited any Louisiana authority by counsel, we find the following statement of the law in 67 Corpus Juris Secundum [Officers § 128], page 423:
“ ‘As a general rule, a public officer is not liable under the respondeat superior doctrine for acts or omissions of his subordinates.
“ ‘The doctrine of respondeat superi- or applicable to the relation of master and servant, as discussed in Master and Servant secs. 561-575, does not, in the absence of statute, apply to a public *543 officer so as to render him responsible for the acts or omissions of subordinates whether or not appointed by him, unless he, having the power of selection, has failed to use ordinary care therein, or unless he was negligent in supervising the acts of such subordinates, or was a party to the acts, or directed, authorized, ratified or encouraged the wrong or cooperated therein. However, Officers are liable to an individual for the acts of their deputies where such officers owe a duty to such individuals.
“ ‘Exemption from liability is applicable to lesser officials as well as to heads of departments, and is generally held to apply in cases where the acts complained of are those of mere employees, although it is otherwise with respect to acts of persons who are mere employees of the officer and not of the government. It does not apply to one undertaking by contract to perform work or render service for the government for a compensation to be paid to it and with a view to its own profit.’
“See also Rich v. Warren, 123 Fed.2d 198, wherein the U. S. Circuit Court of Appeals for the Sixth Circuit said:
“ ‘We approve of Dowler v. Johnson [225 N.Y. 39, 121 N.E. 487, 3 A.L.R. 146], supra, as did the Eighth Circuit Court of Appeals in Fidelity & Casualty Co. [of New York] v. Brightman, 53 F.2d 161, 166, where the doctrine was restated: “It is well-settled law that public officers are not responsible for acts of subordinates who are themselves employees of the government, where there is no negligence on the part of such public officials in employing them, unless the superior officer has directed or encouraged or ratified such acts or has personally cooperated therein.’
“Therefore, for these reasons, the exception of No Cause or Right of Action is sustained insofar as Earl Downs and Harvey Teasley are concerned, and otherwise overruled.”
Able counsel for the plaintiff has furnished this court with an excellent brief wherein he cites most of the cases that have been decided by the Appellate Courts of Louisiana involving the question now before us. The gist of the plaintiff’s argument is that the Commissioner of Public Safety and the Chief of Police, as the executive heads of the department, may be held responsible for the malfeasance of their subordinates. To support this contention, the plaintiff principally relies upon the following cases: Honeycutt v. Bass, La.App. 2 Cir., 1939, 187 So. 848; St. Julian v. State, La.App. 1 Cir., 1955, 82 So.2d 85 and 98 So.2d 284; and Jackson v. Steen, La.App. 2 Cir., 1957, 92 So.2d 280. We do not feel that any of the above cases are controlling herein, and for that reason we feel it appropriate to briefly discuss the holdings in each. In the Honey-cutt case, the marshal and deputy marshal of the town of Winnfield were sued as the result of an injury inflicted upon a prisoner in the city jail. In holding that the plaintiff had stated a cause of action, the court so held not on the doctrine of respondeat superior, but because the marshal and deputy marshal had acted “in the capacity of co-jailers or co-officers in charge of the jail in question; for it was they who actually directly, and unassisted, placed Benny Brat-ton, one of the alleged offenders in the unlocked cell.” [187 So. 851] In the instant case we have no allegations that either Commissioner Downs or Chief Teasley had any thing to do with the placing of the plaintiff in the city jail. In the St. Julian case it was held that the plaintiff had stated a cause of action against the State of Louisiana as the result of a wrongful death caused petitioner’s son when he was killed by a fellow inmate while confined to a cell in the State Penitentiary. This case was likewise not predicated on the doctrine of respondeat superior because the court in rendering its decision had this to say:
“ * * * The suit is for wrongful death caused petitioner’s son when he *544 was an inmate at the penitentiary when allegedly the prison officials “having full knowledge” that another inmate “was a paranoic or mentally deranged person” did nevertheless place this dangerous inmate in the cell with decedent, and when allegedly said officials further had failed to maintain proper inspection, control and safety measures to prevent the paranoic inmate from having a knife and from slashing petitioner’s son to death. We feel the petition adequately states a cause of action based upon negligent acts or omissions of State employees. * * * ” [82 So.2d 88.]
In the case of Jackson v. Steen, [92 So.2d 282], this court held that the plaintiff had stated a cause of action against the Sheriff as the result of personal injuries inflicted by one of his deputies, being assisted by a highway patrolman, in the improper performance of their duty while apprehending and arresting the plaintiff. In reversing the judgment of the lower court which had sustained- an exception of no cause or right of action, the court stated:
' “Talcing into consideration the allegations of plaintiff’s petition in their entirety, the conclusion naturally follows that Steen was acting under instructions of the Sheriff; Steen was accompanying a deputy sheriff who was driving the Sheriff’s car at the time of the shooting. That they were on a mission, directed and ordered by the Sheriff, to apprehend and arrest plaintiff and Pearson, who had reportedly murdered Ulys Floyd, is obvious from the allegations of the petition. Plaintiff should, therefore, be permitted to prove, if he can, whatever authorization, direction or instructions the Sheriff in his official capacity may have given defendant Steen. * * * ”
While all of the above cases may be distinguished from the instant case on factual issues, we feel that it is also appropriate to point out that the liability of a Sheriff for the actions of his deputies is regulated by law and is much stronger than that of other public officials who may have subordinates working under them, but do not necessarily occupy the same position as a deputy. In the case of Gray v. De Bretton, 1939, 192 La. 628, 188 So. 722, 724, the court had this to say:
“In discussing this point it must be borne in mind that no liability attaches to the defendant sheriff under the doctrine of respondeat superior, or under the doctrines of master and servant and principal and agent. The relation between a sheriff and his deputy is an official and not a private relation. The deputy is not a representative of the sheriff in his individual capacity, but he is a public officer whose authority and duty are regulated by law. As to the public, whose servants these officers are, the acts and omissions of a deputy sheriff are the acts and omissions of the sheriff himself. So far as the responsibilities of the office are concerned, the sheriff is liable for the acts and omissions both of himself and his deputy. * * * ”
We have not been cited to any law that places the same liability on the commissioner of public safety or chief of police of a municipality for all of the subordinate employees of the police department. It is our conclusion, therefore, that no such liability attaches under the doctrine of re-spondeat superior, and because the plaintiff has failed to allege any negligent acts of omission or commission on the part of these officials, he has failed to state a cause of action. The judgment of the lower court is accordingly affirmed at appellant’s cost.
Affirmed.