261 So.2d 92 (1972)
Elnora Thomas TAYLOR et al., Plaintiffs-Appellants,
v.
CITY OF ALEXANDRIA et al., Defendants-Appellees.
No. 3780.
Court of Appeal of Louisiana. Third Circuit.
April 19, 1972.
*93 C. O. Brown, Alexandria, for plaintiffs-appellants.
Gist, Methvin & Trimble by H. B. Gist, Jr., Alexandria, for defendants-appellees.
Before FRUGÉ, HOOD, and CULPEPPER, JJ.
FRUGÉ, Judge.
Plaintiffs, Elnora Thomas Taylor and George Taylor, filed a wrongful death action against the City of Alexandria, C. Edward Karst, Jack Rogers, and United States Fidelity and Guaranty Company, the liability insurer for the City of Alexandria, for the death of their 14-year old son who was killed by a driver of a stolen car while fleeing from the Alexandria City Police. Defendants pled an exception of no cause or right of action. The trial judge granted the exceptions and dismissed the suit. Plaintiffs have appealed. We affirm.
The judgment on the exception as to C. Edward Karst and Jack Rogers was properly granted. It is clear that there are no allegations of negligence in this petition from which it can be concluded that there is a cause of action against those parties. C. Edward Karst was mayor of Alexandria and Jack Rogers was Chief of Police at the time the accident occurred. Generally, such public officers cannot be required to respond in liability under the doctrine of respondeat superior. Brown v. City of Shreveport, 129 So.2d 540 (La.App. 2nd Cir., 1961).
A municipal corporation when it otherwise cannot avail itself of a claim of immunity can be held for the tortious acts of its employees. Charles v. Town of Jeanerette, Inc., 234 So.2d 794 (La.App. 3rd Cir., 1970); Taylor v. City of Baton Rouge, 233 So.2d 325 (La.App. 1st Cir., 1970); Bourque v. Lohr, 248 So.2d 901 (La.App. 3rd Cir., 1971). Essentially, such liability will be primary as under LSA-C.C. Article 2320 or under the doctrine of respondeat superior as recognized in our jurisprudence. Plaintiffs have failed to make any allegations of primary negligence upon the municipality. Any cause of action they may have must emanate from the allegations of negligence of the pursuing officers which can be imputed to the employer under the above-mentioned doctrine of respondeat superior.
Plaintiffs contend that they have set forth a cause of action where in their petition they allege that the pursuing automobile caused the accident by pursuing in a negligent manner. Plaintiffs concede that the impact by the stolen vehicle was the actual cause of death. They are, however, suggesting that the death was caused indirectly by the manner in which the officers were chasing the violator. This forces the conclusion that by ardently pursuing violators, police officers become responsible for the recklessness of the violator. *94 This conclusion can only be reached while ignoring the true motive of a fleeing wrongdoer which is to elude the police.
Actually, plaintiffs are attempting to establish a cause of action by imputing the recklessness of the fleeing driver to the police. However, the relationship of the police to a thief is not in any way similar to a master-servant relationship. In the latter there may be an imputation of negligence under the doctrine of respondeat superior. This liability exists basically because of the nature of the control that the master exerts over the servant. In the matter of a thief and a policeman, no such control exists. But in fact, as in the instant case, an officer engaged in the pursuit of a violator is usually seeking to place himself in control over the latter.
For the foregoing reasons, the judgment appealed from is affirmed. The appellants to pay all costs of this appeal.
Affirmed.