487 So.2d 1251 (1986)
Donnal L. LAMKIN, Plaintiff-Appellant,
v.
Robert BROOKS, et al., Defendants-Appellees.
No. 85-237.
Court of Appeal of Louisiana, Third Circuit.
April 9, 1986.
*1252 David A. Sheffield and Gary Sheffield, Alexandria, for plaintiff-appellant.
Gold, Simon, Dee D. Drell, Alonzo P. Wilson, of Percy & Associates, Alexandria, for defendants-appellees.
Before KNOLL, KING and BRUNSON,[*] JJ.
KNOLL, Judge.
Donnal L. Lamkin (hereafter Lamkin) appeals the dismissal of the Town of Lecompte (hereafter town) and its insurer, American Home Assurance Company (hereafter American), from his damage claim against them and Robert Brooks, a Lecompte policeman. The trial judge found Brooks liable for $5000 for striking Lamkin, but dismissed Lecompte and American because Brooks's actions occurred outside the jurisdictional limits of Lecompte. Lamkin appeals arguing that the trial court erred: (1) in failing to find Lecompte and American liable for Brooks's action which was committed in the course and scope of his employment as a Lecompte policeman, and (2) in awarding Lamkin only $5000 damages. We amend to increase damages, and affirm as amended.

FACTS
On the night of November 19, 1982, Brooks patrolled the Town of Lecompte as part of his job as a municipal police officer. In the course of the evening Brooks twice requested Lamkin and Lamkin's son, Lonnie, to move their vehicles from places alongside municipal streets. Each time Lamkin and his son complied with Brooks's request.
After midnight, in the early morning hours of November 20, 1982, Lamkin and his son drove their cars south out of Lecompte, and stopped their vehicles at the intersection of Hwy. 112 and the Humpy Strange Road. Shortly thereafter a private citizen complained to the Lecompte Police Department that there were possibly two drunk drivers located on Hwy. 112 south of Lecompte. The Lecompte radio dispatcher sent Brooks and Riley Williamson, another Lecompte policeman on patrol, to investigate the complaint. The two policemen, patrolling in separate cars, proceeded beyond the town limits in search of the two drunks. When the policemen arrived at the scene they observed that Lamkin's and/or his son's vehicle(s) were obstructing the road. The policemen requested that the Lamkins move their vehicles off the road, and they voluntarily complied.
The police officers left the scene. Officer Brooks traveled a short distance on Humpy Strange Road, turned around, and came back to the scene to obtain the Lamkins' license plate numbers. Thereon the testimony of Lamkin and Brooks diverge.
Lamkin testified that Brooks parked the patrol car, got out of the vehicle, and hit him in the face for no reason.
Brooks's version was that while he was parked in his patrol car copying Lamkin's license plate number, Lamkin stated that he was "going to whip Brooks's ass." Lamkin repeated this threat three times and began to approach Brooks's car with his hand raised as though he would strike Brooks. Brooks stepped out of his car, *1253 took a few steps toward Lamkin, and struck him in the face with a short right jab. Brooks then said Lamkin thanked him and stated he needed to be hit. Brooks then left the scene.
Brooks has not appealed the judgment casting him solely liable for Lamkin's damages.

VICARIOUS LIABILITY
Lamkin argues that the Town of Lecompte and its insurer should have been made vicariously liable to him because Brooks was acting in the course and scope of his employment with Lecompte when this incident occurred. He urges that the town knew it was sending police officers outside its corporate jurisdiction, knowing that its officers, clothed with apparent authority, would encounter the public.
The trial court dismissed the town and its insurer because Brooks knew he was outside the territorial jurisdiction of Lecompte, and therefore he had no greater authority than a private citizen.
A municipality can only exercise its powers to preserve good order and peace within its own corporate limits, and it cannot be exerted elsewhere without the grant of specific legislative authority. Charles v. Town of Jeanerette, 234 So.2d 794 (La.App. 3rd Cir.1970), writ refused, 256 La. 853, 239 So.3d 358 (1970). In Charles a Jeanerette police officer pursued a speeding motorist outside the town limits and, after chasing the offender home, the police officer negligently fired a pistol, killing him. In that case we stated:

"As a general rule, a municipal corporation is not liable in a civil action for damages to persons or property resulting from tortious acts which are wholly outside the powers conferred on the municipality by its charter or other legislative enactment. Since a municipality cannot confer upon its officers and agents lawful authority to represent it beyond its corporate powers, this rule of nonliability applies to ultra vires acts of such officers or agents, whether the acts are directed by the municipality or are done without express direction or corporate sanction." (Emphasis added.)

Therefore we concluded in Charles that because the police officer acted outside the scope of authority granted to him by the town, and outside the scope of authority which the town could exercise, the town could not be held vicariously liable for the police officer's negligence.
The rationale of Charles is dispositive of the issue of the town's liability in the case subjudice. It is clear that even in those instances where the ultra vires acts are directed by the municipality, as is in the present case, the town is not liable under the concept of respondeat superior. Charles, supra; Hoggard v. Mayor, Etc., of Monroe, 51 La.Ann. 683, 25 So. 349 (1899).
This court has recognized that cumulative claims under the doctrine of respondeat superior and primary negligence may be brought against a municipality. See Taylor v. City of Alexandria, 261 So.2d 92 (La.App. 3rd Cir.1972). However, Lamkin's suit does not allege primary negligence against the town, but alleges only respondeat superior. Therefore, there is no basis in Lamkin's suit for us to recognize any negligence of the town in asking Brooks to perform an ultra vires act that would make the town liable. Simply stated, Lamkin failed to plead primary negligence of the town, therefore, this precludes any liability of the town under the doctrine of only respondeat superior. We further note that the trial judge maintained an objection to the receipt of evidence of negligence of the town at the time of the trial on the basis that it was an attempt to expand the pleadings.
Likewise, Lamkin's reliance on Cheatham v. Lee, 277 So.2d 513 (La.App. 1st Cir.1973), writ denied, 279 So.2d 696 (La. 1973), is misplaced. In Cheatham the First Circuit clearly distinguished the Charles case on the basis that, unlike Charles, neither the policemen nor their superiors knew that they were outside the *1254 city's territorial boundaries. In the case sub judice it is uncontradicted that Brooks and the town knew he was miles outside the town limits.
For these reasons we cannot state that the trial court erred in only casting Brooks liable for the damages Lamkins suffered.

DAMAGES
Lamkin contends that the trial court's award of $5000 general damages is inadequate. We agree.
Whenever the issue of quantum is reviewed on appeal, we must first inquire whether the trial court's award for the particular injury, and its effect on this particular injured person, is a clear abuse of the trial court's much discretion. It is only after an articulated analysis of the facts discloses an abuse of discretion that the award may be considered either excessive or inadequate. Chaney v. Our Lady of Fatima Catholic Church, 391 So.2d 501 (La.App. 3rd Cir.1980).
Dr. David Carlton, Jr. treated Lamkin after the attack. X-rays revealed fractures of the left cheek bone and the left lower jaw; the cheek bone had been driven into the face and involved the floor of the eye socket. As a result Lamkin underwent two hours of surgery to reduce the fractures and the cheek bone had to be stabilized by wiring it to a stable non-broken bone. He remained hospitalized for three days. He was placed on a liquid and soft diet for six weeks. Lamkin complained at trial of continued problems in opening and closing his jaw, facial numbness, sinus difficulty, and increased pain in cold, damp weather. Because of infection Lamkin needed an additional operation, done in the doctor's office, to remove the stabilization wires. Lamkin was left with a 5 to 6 centimeter scar below the left eye.
It was uncontradicted that Lamkin's medical expenses were $4,941, and he lost wages totaling $313.60.
We conclude that a general damage award of $5000 is inadequate. Lamkin's special damages of $5,254.60 alone exceeded the trial court's damage award. We are mindful that there was contradictory testimony regarding the question of whether Lamkin used insulting language which substantially caused the confrontation. However, the trial court made no mention in its written reasons whether Lamkin's conduct necessitated a mitigation of the damages he was entitled to receive. In light of these facts we conclude that the lowest amount awardable as general damages is $15,000.
For the foregoing reasons, the judgment of the trial court is amended by increasing the total award to Donnal Lamkin to $20,254.60. The costs of this appeal are assessed to Robert Brooks.
AMENDED, AND AS AMENDED, AFFIRMED.
NOTES
[*] Judge Hugh Ellis Brunson of the Fifteenth Judicial District Court participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.